UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAHRIAR JABBARI, et al.,

    Plaintiffs,

  v.

WELLS FARGO & COMPANY, et al.,

    Defendants.

Case No. 15-cv-02159-VC

**ORDER GRANTING DEFENDANTS' MOTIONS TO COMPEL ARBITRATION**

Re: Dkt. Nos. 58, 59

The defendants' motions to compel arbitration are granted.

Normally a court decides the threshold question of whether the parties to a contract agreed to arbitrate a particular dispute. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002); *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). But when the parties "clearly and unmistakably" assign that task to the arbitrator, a court must honor their choice. *AT&T Techs., Inc.*, 475 U.S. at 649.

When Jabbari and Heffelfinger opened bank accounts with Wells Fargo, they agreed to arbitration provisions. Among the disputes the plaintiffs and Wells Fargo agreed to have an arbitrator decide is the threshold question of arbitrability. Jabbari's provision delegates to an arbitrator "any disagreement about . . . whether a disagreement is a 'dispute' subject to binding arbitration." Motion to Compel-Jabbari, Ex. 1, at 4. And Heffelfinger's provision states that an arbitrator will decide "disagreements about the . . . application . . . of this arbitration agreement." Motion to Compel-Heffelfinger, Ex. 1, at 4. These provisions clearly assign arbitrability determinations to the arbitrator. Nor do the plaintiffs' agreements with Wells Fargo contain other language that would create doubt about whether the parties intended to delegate the arbitrability determination. The only language to which the plaintiffs point is in a venue provision, but nothing

about the way that venue provision is worded suggests that anyone other than the arbitrator should make the threshold decision about arbitrability. This is in contrast to *Mohamed v. Uber Technologies, Inc.*, --- F.Supp.3d ----, 2015 WL 3749716 (N.D. Cal. June 9, 2015), where the contract at issue contained "class waiver" language that seemed to contradict the delegation provision, as well as a jurisdiction clause that was arguably in tension with the delegation provision. *Id.* at *10.

The only possible argument the plaintiffs have for keeping this arbitrability decision out of the hands of the arbitrator is that their disputes with Wells Fargo obviously fall outside the scope of the arbitration provision. That is, some courts have held that when a defendant's argument that a dispute falls within the scope of an arbitration provision is "wholly groundless," the court should not compel arbitration to decide arbitrability in the first instance. *See Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1371 (Fed. Cir. 2006); *Zenelaj v. Handybook Inc.*, 82 F.Supp.3d 968, 975 (N.D. Cal. 2015). But here, the arbitration provisions in the plaintiffs' customer agreements with Wells Fargo are broad: Jabbari's covers "any unresolved disagreement between or among you and the Bank . . . includ[ing] any dispute relating in any way to your Accounts and Services . . . ." Motion to Compel-Jabbari, Ex. 1, at 4. Heffelfinger's similarly reaches "any unresolved disagreement between you and the Bank . . . includ[ing] any disagreement relating in any way to *services*, accounts or matters . . . ." Motion to Compel-Heffelfinger, Ex.1, at 4. And the defendants plausibly assert that the plaintiffs' claims bear some relationship to their banking with Wells Fargo: Jabbari and Heffelfinger allege that employees at Wells Fargo used information connected to their legitimate accounts to open new, unauthorized accounts in their names. They further allege that Wells Fargo extracted money from their legitimate accounts to pay fees generated by the unauthorized accounts. The misuse of information and funds associated with their accounts may "relate" to the legitimate accounts, so Wells Fargo's assertion of arbitrability is not wholly groundless. *Compare Douglas v. Regions Bank*, 757 F.3d 460 (5th Cir. 2014) (no plausible connection between prior arbitration agreement and current dispute).

There is one aspect of Heffelfinger's dispute with Wells Fargo that presents a close question on whether the arbitrator should decide arbitrability in the first instance. Heffelfinger

alleges that two Wells Fargo accounts were opened in her name in January 2012, weeks before she opened legitimate accounts in March 2012. While disputes that precede the formation of an arbitration agreement may sometimes fall within its scope, *Arriaga v. Cross Country Bank*, 163 F.Supp.2d 1189, 1192 (S.D. Cal. 2001), *overruled on other grounds by Ting v. AT&T*, 319 F.3d 1126 (9th Cir. 2003), Heffelfinger's claims involving the January 2012 accounts may have arisen before she had any voluntary involvement with Wells Fargo. If so, it's difficult to imagine that this aspect of the dispute would be subject to the arbitration provision. However, as counsel for Wells Fargo explained at oral argument, it is at least plausible that Wells Fargo employees generated the unauthorized accounts in January 2012 after Heffelfinger initiated a relationship with, and provided information to, the Wells Fargo branch where her legitimate accounts were opened. If established, these facts could conceivably justify a conclusion that the dispute about these unauthorized accounts falls within the scope of the arbitration provision. In other words, Wells Fargo's argument that this aspect of the dispute is arbitrable is not wholly groundless.

Accordingly, the motion to compel arbitration is granted, and the complaint is dismissed.

**IT IS SO ORDERED.**

Dated: September 23, 2015

_____

VINCE CHHABRIA
United States District Judge