Kelly T. Smith 196821
THE SMITH FIRM
5453 Parish Court
Sacramento, CA 95822
T: (916) 930-1961
ktsmith@thesmithfirm.com

Scott W. Wert, Texas bar no. 00794835
(admitted *pro hac vice in related Cause No. 3:16-cv-07040-VC*)
THE BUCKLEY LAW GROUP
1811 Bering Drive, Suite 300
Houston, Texas 77057
T: (281) 719-9312
F: (281) 719-9307

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SHAHRIAR JABBARI, ET AL,<br>Plaintiffs,<br>v.<br>WELLS FARGO & COMPANY, ET AL,<br>Defendants. | No. 3:15-cv-02159-VC<br><br>**MOTION TO INTERVENE** |

**OBJECTIONS TO MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS CERTIFICATION**

Come now WILLIAM CASON, SHEILA CASON, DARLENE MARTINEZ, DORIS LOPEZ, CAITLIN TURNER, and all others similarly situated, the Plaintiffs seeking class certification in the related case styled as William Cason, et al vs. Wells Fargo & Company, et al, Cause No. 3:16-cv-07040-VC, currently pending before this Court and related to this present matter by Court Order (see Document 87), by and through their counsel, and file this their initial Objections to Class Action Settlement and Class Certification.

## INTRODUCTION

The proposed settlement is not fair, adequate and reasonable. Further, the lack of meaningful discovery by the parties in the Jabbari matter fails to meet the standard for preliminary approval.

## THE PROPOSED SETTLEMENT IS NOT FAIR, ADEQUATE, AND REASONABLE

The proposed settlement is not fair, adequate and reasonable and preliminary approval should be denied. To quote the Plaintiff's own Motion for Preliminary Approval:

> Still, Plaintiffs strongly believe that Wells Fargo would face very substantial liability under federal law if this case could be pursued successfully as a class action. If a jury assessed the maximum penalty for willful violations of FCRA, liability could reach into the hundreds of millions or more. The CFPB identified approximately 2 million accounts which may have been unauthorized, over 600,000 of which potentially involve the misuse of credit reports (unauthorized credit cards and lines of credit). CFPB Consent Order at 5, 7. *If a jury awarded a class the statutory maximum of $1,000 per account, that would be a $600 million award*—a figure that could be higher if credit reports were willfully misused in opening accounts other than credit cards and lines of credit. Punitive damages might add substantially, if unpredictably, to that award. On the other hand, if the statutory penalty were calculated *per consumer* instead of *per account*, that would result in a substantially smaller judgment. *See Stillmock v. Weis Markets, Inc.*, 385 F. App'x 267, 272 (4th Cir. 2010) ("[W]e agree with the district court's implicit holding that statutory damages under § 1681n(a)(1)(A) are to be awarded on a per consumer basis . . . .").

See page 15, lines 6 to 18 of Plaintiff's Motion for Preliminary Approval (document no. 101), (emphasis added). Even the Jabbari Plaintiff's Counsel recognizes that the value of the individual claims far exceeds the proposed settlement amount. While an argument is made that many of the FCRA claims *might* be barred by the statute of limitations, the Jabbari Plaintiffs fail to address the merits of the discovery rule and ignore the fact that Wells Fargo's actions in this matter were not made public until the middle of 2016. Therefore, most of the asserted claims would not be barred by the statute of limitations.

**THE PROPOSED SETTLEMENT MOTION LACKS SUFFICIENT INFORMATION**

The Motion for Preliminary Approval fails to provide specific information regarding the particulars of the proposed settlement. The Motion simply states, in a summary and conclusory manner, that "[a]s much as possible given data constraints, the Settlement reimburses fees that Class Members were charged in connection with unauthorized accounts. SA ¶ 9.7.1.2. It provides reasonable compensation for estimated credit damage. *Id*. ¶ 9.7.1.1. It also ensures a reasonable allocation of Non-Compensatory Damages. *Id*. ¶ 9.7.2. This allocation plan is fair, reasonable, and adequate." See page 12, lines 24 to 28 of Plaintiff's Motion for Preliminary Approval (document no. 101). The problem is that "[t]his allocation plan" is not announced, stated, demonstrated, given, or provided. Although a declaration is made regarding the claims process, it is unclear if there is a dollar for dollar payment of damages for each claimant, a reduced percentage of the claimant's actual damages, or a set amount. There is not enough information that adequately describes the settlement. Therefore, the Motion for Preliminary Approval should be denied until more complete information is provided.

Further, The Motion for Preliminary Approval simply makes a blanket statement that the class representatives

> "understand their duties as class representatives, have agreed to consider and protect the interests of absent Settlement Class Members, and have actively participated in this litigation and settlement. *See generally* Heffelfinger Decl. ¶¶ 4–5; Jabbari Decl. ¶ 5; Rodriguez Decl. ¶ 7; Brooks Decl. ¶ 6. The Named Plaintiffs have provided their counsel with factual information, are aware of and willing to carry out their obligations as class representatives, and have regularly communicated with their counsel regarding various issues pertaining to this case, and will continue to do so until the case closes. *Id.* All of this together is more than enough to meet the adequacy requirement."

See page 21, lines 21 to 28 of Plaintiff's Motion for Preliminary Approval (document no. 101), (emphasis added). This blanket statement, however, is insufficient and fails to provide adequate information regarding the treatment of class members versus the treatment of class representatives. "In evaluating the fairness of a class action settlement, a court looks in part to whether the settlement gives

preferential treatment to the named plaintiffs while only perfunctory relief to unnamed class members. Such inequities in treatment make a settlement unfair." See Greenberg v. Procter & Gamble Co. (In re Dry Max Pampers Litig.), 724 F.3d 713, 715, 2013 U.S. App. LEXIS 15930, *1, 2013 FED App. 0203P (6th Cir.), 2, 86 Fed. R. Serv. 3d (Callaghan) 216, 2013 WL 3957060 (6th Cir. Ohio 2013).

There is insufficient information which would allow a meaningful objection to be made regarding disparate, or favorable and inequitable treatment. Therefore, the Motion for Preliminary Approval should be denied until more complete information is provided.

**LACK OF INFORMATION, LACK OF MEANINGFUL DISCOVERY**

It should not surprise anyone that the Motion for Preliminary Approvals lacks sufficient information. Non-disclosure has been the method of operation for the Defendant and there has not been any formal discovery conducted in this matter. While formal discovery is not necessarily a formal requirement, the Court can look to the parties' behavior to determine whether or not there has been collusion by the parties. A class action "settlement may not be the product of collusion among the negotiating parties." See Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.), 213 F.3d 454, 458, 2000 U.S. App. LEXIS 11365, *8, Fed. Sec. L. Rep. (CCH) P90,977, 2000 Cal. Daily Op. Service 3989, 2000 Daily Journal DAR 5357, 46 Fed. R. Serv. 3d (Callaghan) 883 (9th Cir. Nev. 2000).

Plaintiffs and Defendants have not conducted any formal discovery in this matter by their own admission. When the news of Wells Fargo's conduct broke on a national level, the Plaintiff's abandoned their appeal of the arbitration clause ruling. Subsequently, other cases were filed. While some were allowed to progress, some were stayed. Others were stymied by procedural maneuvers and, in most (if not all) cases, the Wells Fargo Defendants failed to even file an answer. Attorneys for plaintiffs in cases other than the Jabarri matter attempted to contact the Jabarri plaintiff and defendant attorneys to get information regarding the settlement negotiations. However, none were allowed to participate. While other cases sought to move forward and conduct formal discovery, they have been met with consistent opposition. The actions in this regard by the Jabarri and Wells Fargo parties could

be construed as evidence of collusion regarding the settlement of this matter – especially in light of Plaintiff Counsel's own statement that the case may have value in excess of $600,000,000.00.

Therefore, the Motion for Preliminary Approval should be denied so that meaningful discovery can take place and the full extent of the wrongdoing discovered.

**CONCLUSION**

Objection is made to the Motion for Preliminary Approval in that no meaningful discovery has occurred, evidence of possible collusion, and the lack of reasonable adequacy of the settlement. For the foregoing reasons, the Court should deny the Motion for Preliminary Approval.

Dated: May 4, 2017

Respectfully Submitted,

Scott Wert
Attorney David Buckley, PLLC
Texas State Bar No.00794835
(admitted *pro hac vice in Cause No. 3:16-cv-07040-VC*)
1811 Bering Drive Ste. 300
Houston, TX 77057
Tel. (713)719-9312
scott@thebuckleylawgroup.com

Kelly T. Smith 196821
THE SMITH FIRM
5453 Parish Court
Sacramento, CA 95822
T: (916) 930-1961
ktsmith@thesmithfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Objections to the Motion for Preliminary Approval to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Northern District of California, on all parties registered for CM/ECF in the litigation.

Dated: May 4, 2017

Scott W. West

______________________________