1  PODHURST ORSECK, P.A.
   AARON S. PODHURST, ESQ.
2  One SE 3rd Avenue, Suite 2700
   Miami, FL 33131
3  (305) 358-2800

4  BRUCE S. ROGOW, P.A.
   BRUCE S. ROGOW, ESQ.
5  100 NE 3rd Avenue, Suite 1000
   Fort Lauderdale, FL 33301
6  (954) 767-8909

7  Co-Lead Counsel for Certified Classes of Wells Fargo Bank, N.A. Customers in
   *In Re Checking Account Overdraft Litig.*, MDL 2036, No. 1:09-MD-02036-JLK (S.D. Fla.).
8

   **UNITED STATES DISTRICT COURT**
9  **NORTHERN DISTRICT OF CALIFORNIA**
   **SAN FRANCISCO DIVISION**
10

| | |
|---|---|
| SHAHRIAR JABBARI and KAYLEE HEFFELFINGER, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY AND WELLS FARGO BANK, N.A.,<br><br>          Defendants. | Case No. 3:15-cv-02159-VC<br><br>OBJECTIONS OF PLAINTIFFS/CLASS REPRESENTATIVES AND CERTIFIED CLASSES IN MDL 2036 TO PRELIMINARY APPROVAL OF STIPULATION AND AGREEMENT OF CLASS ACTION SETTLEMENT AND RELEASE |

17

18      Plaintiffs/class representatives from five certified class actions pending in Multidistrict

19  Litigation Proceeding No. 2036, *In re Checking Account Overdraft Litigation*, against Wells

20  Fargo, N.A.[1] and its affiliate, Wachovia Bank, N.A.,[2] before the Hon. James Lawrence King

21
_____

22  [1] Michael Dehn, Ivy Graham, Dolores Gutierrez, Marc Martinez, William Rucker, Ed Wickman,
    Karen Wickman, Alex Zankich have been appointed class representatives against Wells Fargo
23  Bank, N.A. in *Martinez v. Wells Fargo Bank, N.A.*, No. 09-cv-23684-JLK (S.D. Fla.), No. 09-
    cv-01072-GBW-ACT (D.N.M.); *Dolores Gutierrez v. Wells Fargo Bank, N.A.*, No. 09-cv-
24  23685-JLK (S.D. Fla.), No. 09-cv-01329-ST (D. Or.); and *Zankich v. Wells Fargo Bank, N.A.*,
    No. 09-cv-23186-JLK (S.D. Fla.), No. C-08-1476-RSM (W.D. Wash.).  *See In re Checking*
25  *Account Overdraft Litig.*, 307 F.R.D. 630, 655 (S.D. Fla. 2015).

("the *Overdraft MDL*"), hereby file, through appointed class counsel, the following objections to the Stipulation and Agreement of Class Action Settlement and Release (the "settlement") in this case, on behalf of themselves and members of the certified classes of Wells Fargo and Wachovia customers in the *Overdraft MDL* whose claims may overlap and potentially could be released by the proposed *Jabbari* class.

Prior to filing this objection, the undersigned counsel conferred with counsel for Defendants Wells Fargo & Company and Wells Fargo Bank, N.A. ("Wells Fargo") in this matter in an effort to have Wells Fargo insert an exception into the broad proposed release in the settlement for the claims of bank customers who are overlapping class members in the certified *Overdraft MDL* classes, or to make a written representation to the Court that Wells Fargo will not assert that the release in the settlement bars any pending claims or damages being sought in the *Overdraft MDL*.  Wells Fargo's counsel refused those requests, necessitating this objection.

## INTRODUCTION

The proposed settlement is flawed because its proposed release is overbroad, and the notice program presents an undue risk of overlapping *Overdraft MDL* class members potentially releasing portions of their claims unwittingly.   The Court should therefore deny the request for preliminary approval.

First, the expansive nature of the release agreed to between the Named Plaintiffs and Wells Fargo in this matter appears that it may compromise in part the claims of certified class members in the *Overdraft MDL* against Wells Fargo Bank, N.A. and Wachovia Bank, N.A.

---

[2] Murlee Damor, Angela Gonzalez, Charles Jones, Frances Knight Pinckney, Anthony Poulin, Celia Spears, Robert Thornton have been appointed class representatives against Wachovia Bank, N.A in *Garcia v. Wachovia Bank, N.A.*, No. 08-cv-22463-JLK (S.D. Fla.) and *Spears-Haymond v. Wachovia Bank, N.A.*, No. 09-cv-21680-JLK (S.D. Fla.), No. 08-cv-4610 (N.D. Cal.). *See In re Checking Account Overdraft Litig.*, 307 F.R.D. 656, 683 (S.D. Fla. 2015).

1  pending before Judge King in the Southern District of Florida.  The actions against Wells Fargo

2  in the *Overdraft MDL* have been pending since 2009, and have previously been certified to

3  proceed on behalf of classes of Wells Fargo customers.  *See In re Checking Account Overdraft*

4  *Litig.*, 307 F.R.D. 630 (S.D. Fla. 2015); *In re Checking Account Overdraft Litig.*, 307 F.R.D.

5  656 (S.D. Fla. 2015).[3]  The proposed settlement in this case must not be allowed to undercut the

6  claims of the certified classes in the *Overdraft MDL*.  The MDL Class Members should not be

7  threatened by a release aimed at resolving the claims of account-holders who were damaged by

8  Wells Fargo's creation of fake bank accounts.

9         The proposed notice program compounds this problem.  Its narrow reach and failure to

10 address the potential overlap of class members' claims in the *Overdraft MDL* threatens that

11 Wells Fargo customers will not receive adequate information about their rights.

12                          **STANDARD OF REVIEW**

13        This Court addressed the standard for reviewing class action settlements at the

14 preliminary approval stage in *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1035-37 (N.D. Cal.

15 2016) (Chhabria, J.).  After noting that the Ninth Circuit has not specified whether a different

16 standard of review should apply at the preliminary approval stage, this Court rejected the notion

17 that "scrutiny should be more lax" and criticized "one recent high-profile case" where the

18 district court concluded that the "bar to meet the 'fair, reasonable and adequate' standard is

19 lowered." *Id.* at 1036 (citing *In re Nat'l Football League Players' Concussion Injury Litig.*, 961

20 F. Supp. 2d 708, 714 (E.D. Pa. 2014)).

21        This Court concluded that "courts should review class action settlements just as

22 carefully at the initial stage as they do at the final stage." *Cotter*, 193 F. Supp. 3d at 1037.  "At

23 the initial stage, the inquiry should be whether the settlement is 'fair, reasonable, and adequate,'

24

25 _____

[3] Copies of these published class certification orders are attached as exhibits hereto.

OBJECTIONS OF CLASS COUNSEL IN MDL 2036 TO PRELIMINARY APPROVAL

3

1   based on any information the district court receives from the parties or can obtain through its

2   own research." *Id.* If the parties fail to provide enough information to allow the court to

3   evaluate the strength of the claims, the risks of litigating those claims, and the value of the relief

4   each class member will receive, the court should deny the motion for preliminary approval. *Id.*

5   *See also Eddings v. D.S. Servs. of Am., Inc.*, 2016 WL 3390477 (N.D. Cal. May 20, 2016)

6   (Chhabria, J.) (denying preliminary approval).

### ARGUMENT AND CITATION OF AUTHORITIES

8   **I.      The Settlement's Release Appears to Compromise in Part the Claims of Members
         of Certified Classes in the *Overdraft MDL*.**

9
10
             Preliminary approval is inappropriate here because the settlement in this case contains a

11   release that, if approved by the Court, appears to potentially compromise, at least in part, the

12   claims of certified class members in the *Overdraft MDL*.

13           Although this case concerns damages to account-holders from Wells Fargo's creation of

14   fake bank accounts for its customers, the language of the release set forth in the settlement

15   agreement appears to be broad enough to encompass some of the *Overdraft MDL* class

16   members' claims for damages. The proposed "Settlement Class" definition here consists of:

17       [A]ll Persons for whom Wells Fargo or Wells Fargo's current or former
         subsidiaries, affiliates, principals, officers, directors, or employees opened an
18       account in their name without consent, enrolled them in a product or service
         without consent, or submitted an application for a product or service in their
19       name without consent during the period from May 1, 2002 to April 20, 2017,
         inclusive, with the exception of [certain exclusions not material here].

20   Dkt. No. 100 at 14 (§ 2.51). Upon information and belief, some of the victims of this practice

21   were also customers of Wells Fargo with one or more accounts that were subject to overdraft

22   fees. Those customers of Wells Fargo whose accounts were subject to overdraft fees that are

23   part of the certified classes in the *Overdraft MDL* may have their claims jeopardized in the

24   *Overdraft MDL* given the expansive definition of released claims under this settlement. The

25   settlement agreement defines "Released Claims" as follows:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

> . . . to the fullest extent permitted by law or equity, *any and all claims and causes of action of every nature and description*, whether known or Unknown, whether arising under federal, state, common or foreign law, or any other law, rule, or regulation, *that* were asserted, *could have been asserted*, *or that arise out of the same transactions or occurrences as the claims that were asserted*, *in the Action*, commensurate with the res judicata effect at the conclusion of the litigation.

*Id.* at 13 (§ 2.47) (emphasis added).   Given that the settlement reaches back to 2002 and encompasses at least 3.5 million customers, the proposed release also appears to extend to Wells Fargo's predecessor Wachovia Bank, since the settlement agreement defines "Released Parties" as "Defendants and Defendants' . . . past . . . direct or indirect, . . . subsidiaries, affiliates . . . ." *Id.* at 14 (§ 2.48).

While we presume that the intent of the Named Plaintiffs and Wells Fargo in the release at issue here is not to compromise any of the *Overdraft MDL* class members' claims, since the challenged business practices in the cases are quite distinct from one another, the settlement class here nevertheless overlaps the *Overdraft MDL* classes temporally, and the release here could reasonably be read to extend to a portion of the *Overdraft MDL* class members' claims or damages.

The definition of the certified class in the *Overdraft MDL* cases against Wells Fargo (*Martinez*, *Gutierrez*, and *Zankich*) is:

> All Wells Fargo customers in the United States, excluding the State of California and Indiana, who had or have one or more consumer accounts and who, from applicable statutes of limitation through August 13, 2010 (the "Class Period"), incurred one or more overdraft fees as a result of Wells Fargo's practice of sequencing debit card transactions from highest to lowest, except for [former Wachovia customers and certain immaterial exceptions].

*In re Checking Account Overdraft Litig.*, 307 F.R.D. at 655.   The definition of the certified class in the *Overdraft MDL* cases against Wachovia (*Garcia* and *Spears-Haymond*) is:

> All Wachovia customers in the United States who had one or more consumer accounts and who, from applicable statutes of limitation through August 13, 2010 (the "Class Period"), incurred an overdraft fee as a result of Wachovia's practice of sequencing debit card transactions from highest to lowest.

1   *In re Checking Account Overdraft Litig.*, 307 F.R.D. at 683.

2          The language in the release before this Court that could be argued to encompass certain

3   *Overdraft MDL* class members' claims concerns claims that "could have been asserted" in this

4   case, or "that arise out of the same transactions or occurrences as the claims that were asserted"

5   in this case.  The settlement agreement provides for the payment of "Fee Damages" for "out-of-

6   pocket losses as a result of fees assessed by Wells Fargo in connection with a . . . deposit

7   account claimed to be unauthorized which was opened between January 1, 2009 and April 20,

8   2017[.]" *Jabbari* Dkt. No. 100 at 29 (§ 9.7.1.2).  And in describing "certain fees associated

9   with the potentially unauthorized accounts," the settlement agreement specifically mentions

10  "payment of overdraft fees due to the potentially unauthorized movement of funds[.]" *Id*. at 5

11  (§ 1.18).

12          *Overdraft MDL* class members who incurred an overdraft fee(s) in an unauthorized

13  account, or in a legitimate account as a result of Wells Fargo (or Wachovia) drawing money

14  from that account to pay overdraft fees or other expenses generated by a companion

15  unauthorized account, would arguably be releasing their claims (and attendant damages) under

16  this release.  These claims arguably "could have been asserted" in this case.  Moreover, since

17  one of the claims asserted in the operative complaint is that Wells Fargo extracted money from

18  the plaintiffs' legitimate accounts to pay fees generated by the unauthorized accounts (*see*

19  *Jabbari* Dkt. 37, ¶¶ 3, 43, 96), it is not a stretch to believe that by releasing claims arising out of

20  "the same transactions or occurrences" as the claims asserted in this case, some of the *Overdraft*

21  MDL class members' claims could be argued to be released.

22          Simply put, preliminary approval of the settlement in this case should be rejected until

23  the Court can be certain that this settlement does not, and is not intended to, release the claims

24  being litigated on behalf of certified classes in the *Overdraft MDL* which have nothing to do

25  with the claims asserted in this case.  *Cf. Smith v. Bayer Corp.,* 564 U.S. 299, 317 (2011) ("we

---

OBJECTIONS OF CLASS COUNSEL IN MDL 2036 TO PRELIMINARY APPROVAL

1   would expect federal courts to apply principles of comity to each other's class certification

2   decisions when addressing a common dispute").

3

4   **II.     The Settlement's Notice Program Compounds the Prejudice to *Overdraft MDL* Class Members.**

5         Aside from potentially releasing some of the claims of *Overdraft MDL* class members,

6   the proposed settlement contains a narrow notice program under which only a portion of the

7   putative class will receive direct notice of the claims they would be releasing.  In particular,

8   because direct notice would be afforded only to Wells Fargo customers dating back to January

9   1, 2009, plus those individuals who affirmatively submitted complaints regarding unauthorized

10  account activity, members of the putative class who may have incurred overdraft fees between

11  May 1, 2002 and January 1, 2009 may not be apprised of their rights.  That gap raises a

12  particular concern for members of the *Overdraft MDL* classes because that inadequately

13  addressed time period covers the majority of the *Overdraft MDL* class periods, which extend

14  backwards from August 2010.

15        The proposed Notice Program calls for direct notice, through a mailed postcard, only "to

16  the 'Automatically-Enrolled Claimants' and 'Consultant-Identified Persons'[.]"  Dkt. No. 100 at

17  23 (§ 8.2).  Aside from the Automatically-Enrolled Claimants (those who have identified

18  themselves already by way of having lodged a complaint, *id.* at 6-7 (§ 2.3)), the settlement

19  otherwise limits direct notice to "Consultant-Identified Persons."  "Consultant-Identified

20  Persons" are those people "identified through the Consultant Analysis."  *Id.* at 8 (§ 2.12).  The

21  "Consultant Analysis" appears only to extend to "encompass accounts opened between January

22  1, 2009 and September 30, 2016."  *Id.* at § 2.11.  Yet the settlement class period is structured to

23  reach back almost seven years *before* the earliest part of that date range:  ***back to May 1, 2002***.

24        As a result, for a substantial portion of the time period that this proposed class overlaps

25  with the *Overdraft MDL* classes, encompassed overlapping class members will not even receive

1  direct notice of the *Jabbari* settlement.  And because Wells Fargo has refused to carve out

2  claims from the certified *Overdraft MDL* from the release in this case, those class members may

3  be placed in the untenable position of unwittingly releasing some of their claims, damages or

4  rights to restitution in the *Overdraft MDL*.

### CONCLUSION

6       For the foregoing reasons, the Court should deny preliminary approval of the proposed

7  settlement.

8       DATED this 15th day of May, 2017.

9                      Respectfully submitted,

10 */s/ Aaron S. Podhurst*               */s/ Bruce S. Rogow*
    Aaron S. Podhurst, Esquire       Bruce S. Rogow, Esquire

11 Florida Bar No. 063606           Florida Bar No. 067999
    apodhurst@podhurst.com          brogow@rogowlaw.com

12 Robert C. Josefsberg, Esquire      BRUCE S. ROGOW, P.A.
    Florida Bar No. 40856            100 Northeast 3rd Avenue

13 rjosefsberg@podhurst.com        Suite 1000
    Peter Prieto, Esquire              Fort Lauderdale, FL 33301

14 Florida Bar No. 501492           Tel: 954-767-8909
    pprieto@podhurst.com             Fax: 954-764-1530

15 Stephen F. Rosenthal, Esquire
    Florida Bar No. 0131458

16 srosenthal@podhurst.com
    PODHURST ORSECK, P.A.

17 One SE 3rd Avenue
    Suite 2700

18 Miami, FL 33131
    Tel: 305-358-2800

19 Fax: 305-358-2382

20

21            Co-Lead Class Counsel in the *Overdraft MDL*

22

23

24

25

1   */s/ Robert C. Gilbert*
Robert C. Gilbert, Esquire
2   Florida Bar No. 561861
rcg@grossmanroth.com
3   GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
4   Eleventh Floor
Coral Gables, FL 33134
5   Tel: 305-384-7270

6

7   Coordinating Class Counsel in
the *Overdraft MDL*

8

9   */s/ E. Adam Webb*                         */s/ Michael W. Sobol*
E. Adam Webb, Esquire                Michael W. Sobol, Esquire
10  Georgia Bar No. 743910               California Bar No. 194857
Adam@WebbLLC.com                     msobol@lchb.com
11  Matthew C. Klase, Esquire            Roger N. Heller, Esquire
Georgia Bar No. 141903               California Bar No. 215348
12  Matt@WebbLLC.com                     rheller@lchb.com
G. Franklin Lemond, Jr., Esquire     LIEFF CABRASER HEIMANN &
13  Georgia Bar No. 141315                  BERNSTEIN L.L.P.
FLemond@WebbLLC.com                  Embarcadero Center West
14  WEBB, KLASE & LEMOND, LLC            275 Battery Street, 30th Floor
1900 The Exchange, S.E.              San Francisco, CA 94111
15  Suite 480                            Tel: 415-956-1000
Atlanta, GA 30339                    Fax: 415-956-1008
16  Tel: 770-444-9325
Fax: 770-217-9950
17

18

19

20

21

22

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*/s/ Russell W. Budd*
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

*/s/ Ruben Honik*
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

*/s/ David S. Stellings*
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
   BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

*/s/ Ted E. Trief*
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

Class Counsel in the *Overdraft MDL*

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on May 15, 2017, I presented the foregoing to the Clerk of Court for

3   filing and uploading to the CM/ECF system, which will provide notice upon the counsel of

4   record listed below:

5                    David H. Fry
             MUNGER, TOLLES & OLSON LLP
6              560 Mission Street, 27th Floor
               San Francisco, CA 94105-2907
7
                     Erin J. Cox
8            MUNGER, TOLLES & OLSON LLP
            350 South Grand Avenue, 50th Floor
9              Los Angeles, CA 90071-1560

10                *Counsel for Defendants*

11
                   Derek Loeser
12            Gretchen Freeman Cappio
                 Daniel P. Mensher
13             KELLER ROHRBACK LLP
             1201 Third Avenue, Suite 3200
14             Seattle, WA 98101-3052

15                  Jeffrey Lewis
              KELLER ROHRBACK LLP
16          300 Lakeside Drive, Suite 1000
                 Oakland, CA 94612
17
                 Matthew J. Preusch
18            1129 State Street, Suite 8
               Santa Barbara, CA 93101
19
20                *Counsel for Plaintiffs*

21      DATED this 15th day of May, 2017.

22                              */s/ Stephen F. Rosenthal*
                                    Stephen F. Rosenthal
23

24

25