Daniel M. Hutchinson (Cal. Bar No. 239458)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
E-Mail: dhutchinson@lchb.com

*Attorney for the Telephone Consumer Protection Act Classes*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SHAHRIAR JABBARI and KAYLEE HEFFELFINGER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A..<br><br>Defendants. | Case No. 15-cv-02159-VC<br><br>**TELEPHONE CONSUMER PROTECTION ACT CLASSES' OBJECTION TO CLASS ACTION SETTLEMENT RELEASE** |

# INTRODUCTION

The undersigned counsel, on behalf of the certified classes in certain pending actions under the Telephone Consumer Protection Act, 47 U.S.C § 227 ("TCPA"), hereby submits this Objection to the Release in the proposed class settlement in this Action. *See* Stipulation and Agreement of Class Action Settlement and Release (Dkt. No. 100). Counsel is concerned that the scope of the Release may be confusing and respectfully requests that the Court either direct the parties to confirm that TCPA claims are not subject to the Release or, in the alternative, deny preliminary approval of the proposed settlement.

# BACKGROUND

Over the past several years, I have served as one of class counsel in a series of TCPA class action lawsuits against Wells Fargo. Court-approved nationwide class settlements in five actions total over $78.5 million in cash for affected consumers. *Cross v. Wells Fargo Bank N.A.*, Case No.: 1:15-cv-01270-RWS (N.D. Ga.); *Markos v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-01156 (N.D. Ga.); *Luster v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-01058 (N.D. Ga.); *Franklin v. Wells Fargo Bank N.A.*, Case No.: 14-cv-2349 (S.D. Cal.); *Prather v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-04231 (N.D. Ga.). Although the *Luster* and *Prather* settlements received preliminary approval in February 2017, the notice and claims-filing period in those cases are ongoing.

In addition, I serve as co-counsel in three pending TCPA cases against Wells Fargo, including one in this District. *Shadid v. Wells Fargo Bank, N.A.*, Case No. 3:17-cv-01079 (N.D. Cal.); *Bacon v. Wells Fargo Bank, N.A.*, Case No. 1:17-cv-01505 (N.D. Ga.); *Perez v. Wells Fargo Bank, N.A.*, Case No. 17-cv-424 (S.D. Cal.). Collectively, these TCPA Actions cover Wells Fargo's various lines of business.

On April 20, 2017, the parties in this Action filed a Stipulation and Agreement of Class Action Settlement and Release (Dkt. No. 100). Section 2.47 states:

> "Released Claims" means, to the fullest extent permitted by law or equity, any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, or any other law, rule, or regulation, that were asserted, could have been asserted, or that

> arise out of the same transactions or occurrences as the claims that were asserted, in the Action, commensurate with the res judicata effect at the conclusion of the litigation. For the avoidance of doubt, the Released Claims encompass claims and causes of action of every nature and description arising from the authorized or unauthorized enrollment in Identity Theft Protection services by members of the Settlement Class.

Shortly thereafter, I reached out to counsel for Wells Fargo to confirm that the Release does not impact TCPA claims in any way.  Specifically, the claims in the TCPA Actions arise out of the use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" within the meaning of 47 U.S.C. § 227—not "out of the same transactions or occurrences as the claims that were asserted in the Action."  Therefore, the Release in this Action should not, and does not, release any TCPA claims.  But, to clarify that fact, we requested that the parties amend the Release by adding:

> Notwithstanding the foregoing, no TCPA claims or other claims based on the use of an automatic telephone dialing system or an artificial or prerecorded voice are released by this Agreement.

I met and conferred with Wells Fargo's counsel in good faith.  Although Wells Fargo's counsel has advised me that Wells Fargo does not intend to assert the Release in this Action as a defense in any of the pending TCPA Actions, Wells Fargo has not agreed to amend the Release to avoid confusion.

## ARGUMENT

Confirming that the Release does not include TCPA claims is imperative for three reasons.

First, the claims in this Action do not arise from the same operative nucleus of facts as TCPA claims.  The class action complaint is completely devoid of any cause of action under the TCPA.  Moreover, there are not any allegations of any kind regarding telephone calls.  There is no evidence whatsoever that the parties in this Action intended to release TCPA claims.  Under these circumstances, any reading of the Release as including TCPA claims would be improper. *See, e.g.*, *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) ("A settlement agreement may preclude a party from bringing a related claim in the future . . . but only where the released claim is 'based on the identical factual predicate as that underlying the claims in the settlement class

1  action.'") (quoting *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir 2008)); *Hendricks v.*
2  *Starkist Co.*, No. 13-cv-729, 2016 WL 692739, at * (N.D. Cal. Feb. 19, 2016) (denying final
3  approval, where the release "does not track the breadth of allegations in the complaint, instead
4  releasing claims under antitrust laws mentioned nowhere in the complaint"); *Lovig v. Sears,*
5  *Roebuck & Co.*, No. 11-cv-756, 2014 WL 8252583, at *2 (C.D. Cal. Dec. 9, 2014) (denying
6  preliminary approval where "[t]he factual basis for the claims of the release . . . impermissibility
7  extends beyond the factual predicate of the operative complaint"); *Willner v. Manpower Inc.*, No.
8  11-cv-02846, 2014 WL 4370694, at *8 (N.D. Cal. Sept. 3, 2014) (same, where the release "could
9  capture claims that go beyond the scope of the allegations in the operative complaint"); *see also*
10 Northern District of California Procedural Guidance for Class Action Settlements, *available at*
11 http://www.cand.uscourts.gov/ClassActionSettlementGuidance (requiring that preliminary
12 approval motions identify "[a]ny differences between the claims to be released and the claims set
13 out in the operative complaint").

14      Second, there is overlap between the classes and proposed classes in the TCPA Actions,
15 and the proposed class in this Action.  Because Wells Fargo has a general practice of making
16 automated calls to all persons with Wells Fargo accounts, the classes in the TCPA Actions
17 include an unknown number of people with "fake accounts" who received such calls.  Therefore,
18 there is a substantial potential for confusion because the classes overlap, even though their claims
19 do not.

20      Third, if this settlement is preliminarily approved, the notice and claim-filing period in
21 this Action will overlap with the *Luster* and *Prather* notice and claim-filing periods.  Class
22 members in each settlement have a right to know which claims are—and are not—included, and
23 which are—and are not—released.  If the notices in this Action do not clearly specify the scope of
24 the Release, there is a strong potential that class members will be confused.  Such confusion
25 could significantly prejudice class members in all actions.  For example, class members might
26 refrain from filing claims in one settlement if they believe a different settlement covered their
27 claims.  And, any individual or opt-out class members who pursue their own actions will be
28 particularly susceptible to confusion and prejudice.

These are basic due process issues and the very reason why, in all Rule 23(b)(3) classes, "the court must direct to class members the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). "The notice must clearly and concisely state in plain, easily understood language . . . *the class claims*." *Id.* (emphasis added). The proposed Release does not satisfy these criteria. This unnecessary confusion—and resulting prejudice—can be avoided easily if the parties (or the Court) simply clarify the scope of the Release.

## **CONCLUSION**

For the foregoing reasons, counsel for the TCPA Classes respectfully requests that the Court order the parties to amend the Release by adding: "Notwithstanding the foregoing, no TCPA claims or other claims based on the use of an automatic telephone dialing system or an artificial or prerecorded voice are released by this Agreement." If the parties are unwilling to take that step, the Settlement should not be approved.

Dated: May 16, 2017        Respectfully submitted,


By: */s/ Daniel M. Hutchinson*
    Daniel M. Hutchinson

Daniel M. Hutchinson (Cal. Bar No. 239458)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
E-Mail: dhutchinson@lchb.com

*Attorney for the Telephone Consumer Protection Act Classes*