UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHRIAR JABBARI, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO & COMPANY, et al., <br><br> Defendants. | Case No.  15-cv-02159-VC <br><br> **ORDER RE PRELIMINARY APPROVAL HEARING** |

In addition to the topics raised in the Court's order requesting further briefing, the Court anticipates addressing the following issues at tomorrow's preliminary approval hearing:

1. If the Court preliminarily approves the settlement, it will not stay related actions in other courts.  That will be for the other judges to decide.  The Court will, however, stay related actions that have already been assigned to this Court.  The parties should be prepared to explain whether that prevents any order of preliminary approval from being "in substantially the same form" as the parties' proposed order.  *See* S.A. (Dkt. No. 100) at ¶ 4.1.

2. This Court will not enjoin class members from bringing future claims.  If some other court is confronted with a claim that may be barred by the release language in this settlement, it will be up to that court to weigh the res judicata effect of the settlement.  The parties should indicate whether they still believe this Court should retain jurisdiction despite this caveat.

3. The parties should explain whether unauthorized products or services other than lines of credit may have involved a FCRA violation.

4. The parties and objectors should be prepared to discuss the extent to which state

identity-theft claims would provide for duplicative recovery.

5. The objectors should be prepared to offer specific examples of how the settlement agreement poses a risk of intraclass conflict.

6. The parties should explain how the calculation of credit-related damages will account for past or future corrections to a consumer's damaged credit score, if at all.

7. The parties should explain whether Wells Fargo and/or the claims administrator will be capable of taking affirmative action to get damaged credit scores corrected.

8. Class counsel should explain how they anticipate representing claimants' interests in the process of evaluating claims and calculating credit-related damages.

9. Class counsel should explain how the administrative costs of notice, advertising, claims administration, and claims calculation compare to administrative costs in similar cases.

10. The Court will not reject opt-outs based on technicalities. Substantial compliance with the requirements for opting out will be enough. The parties should explain whether this requires the Court to deny preliminary approval.

11. The parties should clarify when claim forms will be due and how they will interpret a valid opt-out request that's followed by a valid claim form.

12. The parties should specify what documents they anticipate making freely available to the public through the settlement website. The parties and objectors should also be prepared to discuss whether to provide a website for objections.

13. The parties should explain to what extent notice or advertising will be done in languages other than English.

14. The parties and objectors should be prepared to discuss whether to require specific notice that California Civil Code § 1542 and its counterparts elsewhere will be waived.

**IT IS SO ORDERED.**

Dated:  May 17, 2017

_____
VINCE CHHABRIA
United States District Judge