# Exhibit C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SHAHRIAR JABBARI and KAYLEE HEFFELFINGER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A.,<br><br>Defendants. | No. 3:15-cv-02159-VC<br><br>**[PROPOSED] ORDER AND FINAL JUDGEMENT**<br><br>Judge:   Hon. Vince Chhabria |

On _____, 2017, this Court held a Fairness Hearing to determine whether the terms and conditions of the Amended Stipulation and Agreement of Class Action Settlement and Release (the "Stipulation" or the "Settlement") agreed to by Plaintiffs Shahriar Jabbari and Kaylee Heffelfinger, and proposed settlement class representatives Jose Rodriguez and Antonette Brooks, individually and on behalf of the Settlement Class ("Plaintiffs"), and Defendants Wells Fargo & Company and Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendants"), are fair, reasonable, and adequate, and should be approved by the Court, and whether an Order and Final Judgment should be entered dismissing the above-referenced Action with prejudice and releasing the Released Claims (as defined below). The Court has

1

considered all matters submitted to it at the hearing, as well as the files and records in the Action. Based on the matters considered,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Order hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that the Settlement Class is so numerous that joinder would be impractical; that there are questions of law and fact common to the Settlement Class; that the claims of the Settlement Class Representatives are typical of the claims of the Class; that the Settlement Class Representatives have and will fairly and adequately represent the interests of the Class; that these common questions of fact and law predominate over individual questions; and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

3. The Court finds that the notice included in the Mailed Notice, Long-Form Notice, Summary Notice, and Statement Notice were disseminated in compliance with the Court's Preliminary Approval Order, and in full satisfaction of the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Class Members who did not timely elect to exclude themselves by written communication are bound by this Order and Final Judgment.

4. The Court finds that the Class Members who have exercised their right to exclude themselves from this Action, by submitting timely requests for exclusion pursuant to the Notices disseminated to the Class, are not included in or bound by this Order and Final Judgment. The excluded Class Members are listed on Exhibit A attached hereto.

5. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby certifies the Action as a class action on behalf of the following class: "All Persons for whom Wells Fargo or Wells Fargo's current or former subsidiaries, affiliates, principals, officers, directors, or employees opened an Unauthorized Account or submitted an Unauthorized Application, or who obtained Identity Theft Protection Services from Wells Fargo during the period from May 1, 2002 through April 20, 2017, inclusive." Excluded from the Class are Defendants' officers, directors and employees; judicial officers and associated court staff assigned to this case, and the immediate family members of such officers and staff; and all those otherwise in the Class who or which timely and properly exclude themselves from the Class as provided in the Settlement.

6. The Court appoints the proposed Settlement Class Representatives and Named Plaintiffs—Shahriar Jabbari, Kaylee Heffelfinger, Antonette Brooks, and Jose Rodriguez—as Settlement Class Representatives.

7. The Court appoints Derek W. Loeser, Gretchen Freeman Cappio, Daniel Mensher, Jeffrey Lewis, and Matthew J. Preusch of Keller Rohrback L.L.P. as Class Counsel.

8. The Court finally approves the Settlement contemplated as being fair, reasonable, and adequate as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

9. The Court hereby dismisses the Complaint with prejudice and, except as expressly provided for in the Settlement, without costs, in favor of the Defendants and against all Class Members.

10. "Released Claims" means, with respect to Settlement Class Members, to the fullest extent permitted by law or equity, any and all claims and causes of action of every nature and description, known and Unknown, whether arising under federal, state, common or foreign law, or any other law, rule, or regulation, that were asserted, or that arise out of the identical factual predicate as the claims that

were asserted, in the Action, commensurate with the res judicata effect at the conclusion of the litigation. For the avoidance of doubt, the Released Claims encompass claims and causes of action of every nature and description arising from enrollment in Identity Theft Protection Services by members of the Settlement Class. Released Claims do not include claims insofar as they pertain to an account, product, or service (other than "Unauthorized Accounts" or "Unauthorized Applications") for which unauthorized fees were charged to Settlement Class Members. Released Claims also do not include claims asserted in the complaints operative in the following actions as of April 20, 2017, but nothing herein should be construed as precluding Wells Fargo from seeking an offset or credit against, or a reduction in the gross amount of, any claim asserted in those actions, as Wells Fargo reserves and retains all rights with respect to precluding duplicative recovery in those actions: *Bacon v. Wells Fargo Bank, N.A.*, 1:17-cv-01505-CAP (N.D. Ga.); *Shadid v. Wells Fargo Home Mortgage*, Case No. 3:17-cv-01079-JCS (N.D. Cal.), *Perez v. Wells Fargo Bank, N.A.*, Case No. 3:17-cv-424 (S.D. Cal.); *Luster v. Wells Fargo Dealer Services, Inc.*, Case No. 1:15-cv-01058 (N.D. Ga.), and *Prather v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-04231 (N.D. Ga.); *In re Checking Account Overdraft Litig.*, MDL 2036, No. 1:09-MD-2036-JLK (S.D. Fla.). "Released Parties" means Defendants and Defendants' respective successors and assigns; and their past, present, and future, direct or indirect, parents, subsidiaries, affiliates, principals, officers, directors, employees, agents, attorneys, advisors, representatives, heirs, and administrators.

11. The Court declares that the Plaintiffs and each and every one of the Class Members unconditionally, fully, and finally releases and forever discharges each of the Released Parties from the Released Claims. Furthermore, the Court expressly terminates any rights of Class Members to the protections afforded under Section 1542 of the California Civil Code, and/or any other similar, comparable, or equivalent laws.

12. Defendants and each of the other Released Parties shall be deemed by operation of law to have released, waived, discharged, and dismissed each and every claim relating to the institution or prosecution of the Action by Named Plaintiffs, Class Counsel, and the Class.

13. This settlement does not diminish Wells Fargo's obligations pursuant to its September 2016 settlement with the City and County of Los Angeles.

14. Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to the Action, including the administration, interpretation, effectuation, or enforcement of the Settlement and this Order and Final Judgment.

15. This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. Vince Chhabria
United States District Court Judge