William M. Audet (SBN 117456)
S. Clinton Woods (SBN 246054)
Ling Y. Kuang (SBN 296873)
  waudet@audetlaw.com
  cwoods@audetlaw.com
  lkuang@audetlaw.com
AUDET & PARTNERS, LLP
  711 Van Ness Avenue, Suite 500
  San Francisco, CA 94102-3275
  Telephone:   (415) 568-2555
  Facsimile:    (415) 568-2556

*Attorneys for Alex Chernavsky and William Castro,
on behalf of themselves and all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHAHRIAR JABBARI and KAYLEE HEFFELFINGER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY and WELLS FARGO, N.A.,<br><br>Defendants. | Case No: 3:15-cv-02159-VC<br><br>**ALEX CHERNAVSKY AND WILLIAM CASTRO'S RESPONSE TO AMENDED STIPULATION AND AGREEMENT OF CLASS ACTION SETTLEMENT AND RELEASE**<br><br>**Date:**       TBA<br>**Time:**       TBA<br>**Place:**      Courtroom 4 – 17th Floor<br>**Judge:**     Hon. Vince Chhabria |

# INTRODUCTION

As this Court is aware, the undersigned counsel, on behalf of Alex Chernavsky and William Castro (hereinafter "*Chernavsky* Plaintiffs") (*Chernavsky v. Wells Fargo Bank, N.A.*, No. 16-cv-06326-VC ("*Chernavsky*")) have raised in prior submissions to this Court (and in communications to the parties) a number of concerns and issues with respect to the previously proposed settlement with Wells Fargo. (*See* Dkt. No. 116, *generally*, hereinafter "*Chernavsky* Objection") Without waiving any right to appear and raise concerns with respect to the final approval process and the proposed settlement, the *Chernavsky* Plaintiffs believe that the proposed settlement has addressed most of the concerns raised by the *Chernavsky* Plaintiffs. As noted in the prior submissions to this Court, the following issues had been raised by the undersigned, and now appear to have been addressed sufficiently in this amended class action settlement to warrant preliminary approval at this stage of the settlement process:

1. As noted in the *Chernavsky* Objection at p. 6-7, filed with the Court on May 4, 2017, the *Chernavsky* Plaintiffs had concerns with the short claims period outlined in agreement which outline the terms in the Settlement Parties' initial filings (*See* Dkt. No. 100, hereinafter "Initial Settlement".) The Initial Settlement limited the claims period to 20-60 days. After reviewing *Chernavsky* Plaintiffs' objection, the Settlement Parties agreed to extend the claims period to 210 days after preliminary approval and 30 days after final approval. (Dkt. No. 133 p. 18.) This revised and lengthened schedule is reflected in the parties Amended Proposed Order Granting Preliminary Approval. (Dkt. No. 162-4 p. 12.) The revised and lengthened schedule adopted by the Settlement Parties after *Chernavsky* Plaintiffs' objection appears to provide sufficient time for claimants and class members to file claims under the settlement.

2. As noted in the *Chernavsky* Objection at p. 6-7, *Chernavsky* Plaintiffs had concerns with the confusing, technical, and opaque nature of the Settlement Parties' initial proposed claim form. Specifically, *Chernavsky* Plaintiffs raised the notion that Defendant Wells Fargo would undoubtedly already possess information necessary to assist claimants in filling out a claim form ("…class members expected to recall information from as far

1  back as 2002, as required by the claim process, despite the fact that the class has no discovery information to assist with their recollection …. For those members of the class who are not "Consultant-Identified" they must recall account information on their own. … These issues add up to significant additional burdens on unnamed class members, and will provide unnecessary barriers to recovery…"). The Court apparently agreed, and ordered the Settlement Parties to revise the claim for to include an opportunity for claimants to explain information, to allow for substantial compliance on claim forms for opting out and objecting, and suggested a more thorough notice procedure. (Dkt. No. 155.) The Settlement Parties then made *Chernavsky* Plaintiffs' and the Court's suggested changes, vastly simplifying the notice procedure and the notices themselves. (Dkt. No. 160, *generally*.) This revised notice and claim form largely addresses *Chernavsky* Plaintiffs' concerns.

3. Similarly, *Chernavsky* Objection specifically raised the notion that the proposed claim form had a court seal on it, "which may have the effect of scaring off potential claimants who are unfamiliar with legal documents." (*Chernavsky* Objection at p. 7.) The Settlement Parties have removed the Court Seal. (Dkt. No. 162-4, 162-5.) This revised notice addresses *Chernavsky* Plaintiffs' concerns.

4. As noted in the *Chernavsky* Objection at 8-9, *Chernavsky* Plaintiffs specifically objected to the overbroad and confusing nature of the Initial Settlement's release. Specifically, *Chernavsky* Plaintiffs objected that the Initial Settlement's release had "no practical limitation" and would release claims that "may or may not be related to the underlying litigation." The Court apparently agreed with this objection, ordering the Settlement Parties to change the release "to make clear that the class members are only releasing claims based on the identical factual predicate as the claims asserted in [the *Jabbari* matter]." (Dkt. No. 155.) The Revised Settlement makes that change. (*See* Revised Settlement at ¶ 2.49.) This revised release largely addresses *Chernavsky* Plaintiffs' concerns.

5. As noted in the *Chernavsky* Objection at p. 7-8, *Chernavsky* Plaintiffs objected that there was no provision in the Initial Settlement which would provide online information about objections or opt-outs, or provide an online method for class members to object or opt-out. The Court apparently agreed with this objection as well, ordering the Settlement Parties to provide a "mechanism for online objections and opt-outs." (Dkt. No. 155.) The Revised Settlement makes that change. (*See* Dkt. No. 160 at p. 4-5.) This revised online procedure largely addresses *Chernavsky* Plaintiffs' concerns.

6. As noted in the *Chernavsky* Plaintiffs' Objection at p. 6-7, *Chernavsky* Plaintiffs had several concerns about the confusing and hyper-technical opt-out and objection requirements. The Court apparently generally agreed with those concerns, ordering the Settlement Parties to make clear that the Revised Settlement will allow for "substantial compliance" for objecting and opting out. (Dkt. No. 155.) The Revised Settlement makes that change. (Revised Settlement at. ¶¶ 12.1, 12.6.) This revised objection and opt-out procedure largely addresses *Chernavsky* Plaintiffs' concerns.

7. As noted in the *Chernavksy* Plaintiffs' Objection at p. 7, the *Chernavksy* Plaintiffs' had concerns that the Initial Settlement invested the Settlement Administrator with absolute and final approval of the determination of a claimant's claim and the amounts that claimant may receive. Specifically, *Chernavsky* Plaintiffs were concerned with the lack of oversight or guidance given to the Settlement Administrator and the finality of the Settlement Administrator's judgment. The Court apparently agreed with those concerns, ordering the Settlement Parties to allow for Court scrutiny and approval of the Settlement Administrator's determinations prior to final approval. (Dkt. No. 155.) This scrutiny and approval ordered by the Court included the potential for appointment of a special master. (*Id.*) The Revised Settlement makes the changes ordered by the Court regarding Court scrutiny over the Settlement Administrator. (Dkt. No. 160 at p. 2-3.) These changes to the Revised Settlement largely address *Chernavsky* Plaintiffs' concerns.

In addition, as noted in the Settlement Parties submissions in favor of the Revised Settlement, other important issues have been addressed. While *Chernavsky* Plaintiffs reserve all rights to object on other issues at the final approval stage, a full review of the instant filings indicates that preliminary approval of the proposed Revised Settlement should be granted.

Dated: June 22, 2017                           Respectfully submitted,

                                               By: /s/  *S. Clinton Woods*

                                                   William M. Audet
                                                   S. Clinton Woods
                                                   Ling Y. Kuang
                                                   AUDET & PARTNERS, LLP
                                                   711 Van Ness Avenue, Suite 500
                                                   San Francisco, CA 94102-3275
                                                   Telephone:   (415) 568-2555
                                                   Facsimile:   (415) 568-2556
                                                   Emails:      waudet@audetlaw.com
                                                                cwoods@audetlaw.com
                                                                lkuang@audetlaw.com

                                                   *Attorneys for Alex Chernavsky and William Castro, on behalf of themselves and all others similarly situated*