| | |
|---|---|
| Derek Loeser, *admitted pro hac vice* | David H. Fry (Bar No. 189276) |
| Gretchen Freeman Cappio, *admitted pro hac vice* | MUNGER, TOLLES & OLSON LLP |
| KELLER ROHRBACK L.L.P. | 560 Mission Street, 27th Floor |
| 1201 Third Avenue, Suite 3200 | San Francisco, California 94105-2907 |
| Seattle, WA 98101-3052 | (415) 512-4000; Fax: (415) 512-4077 |
| (206) 623-1900; Fax: (206) 623-3384 | david.fry@mto.com |
| dloeser@kellerrohrback.com | |
| gcappio@kellerrohrback.com | |
| | |
| Jeffrey Lewis (Bar No. 66587) | Erin J. Cox (Bar No. 267954) |
| KELLER ROHRBACK L.L.P. | MUNGER, TOLLES & OLSON LLP |
| 300 Lakeside Drive, Suite 1000 | 350 South Grand Avenue, 50th Floor |
| Oakland, CA 94612 | Los Angeles, California 90071-1560 |
| (510) 463-3900; Fax: (510) 463-3901 | (213) 683-9100; Fax: (213) 687-3702 |
| jlewis@kellerrohrback.com | erin.cox@mto.com |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants Wells Fargo & Co. and Wells Fargo Bank, N.A.* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SHAHRIAR JABBARI and KAYLEE HEFFELFINGER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY AND WELLS FARGO BANK, N.A.,<br><br>Defendants. | No. 15-cv-02159-VC<br><br>**STIPULATION AND ADMINISTRATIVE MOTION RE SETTLEMENT RESERVE AND SCHEDULE; [PROPOSED] ORDER**<br><br>Judge: Hon. Vince Chhabria |

## NOTICE OF JOINT ADMINISTRATIVE MOTION

PLEASE TAKE NOTICE that, pursuant to Civil Local Rules 7-11, Plaintiffs Shahriar Jabbari, Kaylee Heffelfinger, Jose Rodriguez, and Antonette Brooks (collectively, "Plaintiffs"), on the one hand, and Defendants Wells Fargo Bank, N.A., and Wells Fargo & Co. (collectively, "Wells Fargo" and

together with Plaintiffs, the "Parties"), on the other, jointly move this Court for an order modifying the existing schedule in this Action as set forth below.[1]

## I. BACKGROUND

In August 2017, Class Counsel raised with counsel for Wells Fargo a question about the possibility that the number of Unauthorized Accounts identified in the claims submitted by Settlement Class Members could potentially exceed the Plaintiffs' estimate of 3.5 million that Plaintiffs provided to the Court in connection with preliminary approval briefing.

While neither Plaintiffs nor Wells Fargo believes that the claims process will result in the identification of more than 3.5 million individual potentially Unauthorized Accounts, Plaintiffs believed that it was important to address the possibility. With the assistance of the mediator, the Hon. Layn R. Phillips, and following extensive negotiations, the Parties have agreed to address Plaintiffs' concerns through two steps.

First, the Parties request that the Final Approval Hearing be continued to March 20, 2018, from the current hearing date, January 4, 2018. This would allow the Final Approval Hearing to occur after the February 3, 2018 Deadline to Submit Claim Form so that parties will not need to speculate, and, instead, will know how many Unauthorized Accounts are identified by Settlement Class Members in the claims process.[2]

Second, the Parties have agreed that the $25 million "Gross-Up" provided by the Settlement for non-compensatory damage, Settlement ¶ 9.9, will be adjusted proportionately in the event the number of Unauthorized Accounts identified by Settlement Class Members in the claims process, and not disputed

---

[1] Capitalized terms have the same meanings as defined in the Amended Stipulation and Agreement of Class Action Settlement and Release, filed on June 14, 2017 (Dkt. 162), and the Order Granting Motion for Preliminary Approval, dated July 8, 2017 (Dkt. 165).

[2] It is possible that, as of that date, there will be claims as to which the Settlement Administrator is still making a final determination. Nevertheless, the Settlement Administrator should be able to provide information concerning the total number of accounts claimed and the portion of those that are potentially subject to dispute.

by the Settlement Administrator, exceeds 3.5 million.  The rationale for this change is based on the structure of the Settlement.

The Settlement provides for three types of payment: (1) Fee Damages and (2) Credit Impact Damages, both of which are "Compensatory"; and (3) and a per account "residual" payment, which is termed "Non-Compensatory Allocation" under the Settlement.  *See id.* ¶¶ 9.7, 9.8.  The Settlement provides for a reserve totaling $25 million for residual, per account payments to Settlement Class Members.  *Id.* ¶ 9.9.  Wells Fargo has agreed that if the Settlement Fund is insufficient to cover Fee Damages and Credit Impact Damage payments based on the formula in the Settlement, it will put in more money.  *Id.*

Because Wells Fargo has already agreed to increase the Settlement Fund if necessary to ensure full payment of the compensatory elements—Fee Damages and Credit Impact Damages, the only aspect that could be impacted by the number of accounts identified in the claims process is the $25 million reserve for the non-compensatory residual payment.  The Parties have agreed that in the event the number of Unauthorized Accounts identified by Settlement Class Members in the claims process and not disputed by the Settlement Administrator exceeds Plaintiffs' 3.5 million estimate, Wells Fargo will proportionately increase the $25 million reserve so that the ratio of reserve to Unauthorized Accounts is no less than what was implied by Plaintiffs' estimate at the time of Preliminary Approval.

## II.  STIPULATION

The Parties further request that deadlines for approval events that have not yet occurred should be adjusted as well so that the interval between Final Approval and each deadline stays the same as originally ordered by the Court.  The one exception is the deadline for Mailed Notice, for which the parties request an extension  until 35 days following the issuance of an order granting this administrative

No. 15-cv-02159-VC                                       3                                       STIPULATION AND
                                                                                                 ADMINISTRATIVE MOTION RE
                                                                                                 SETTLEMENT RESERVE AND
                                                                                                 SCHEDULE

motion to allow sufficient time to print the revised Mailed Notice[3]. The following table indicates the current deadline, and the new deadline requested by the Parties:

| Event | Current Deadline | Proposed New Deadline | Interval per Preliminary Approval Order |
|---|---|---|---|
| Settlement Administrator will issue Mailed Notice to Automatically-Enrolled Claimants and Consultant-Identified Persons | Monday, 10/30/17 | 35 days after order granting this administrative motion | 100 Days after Preliminary Approval Order<br><br>*deadline extended from October 16 to October 30 during 10/5/2017 telephonic conference |
| Class Representatives to file Motion for Final Approval and/or Attorneys' Fees | Friday, 11/03/17 | Friday, 01/19/18 | 120 Days after Preliminary Approval Order[4]<br><br>*date changed per court order dated 07/28/17 |
| Class Counsel to submit interim report to the Court regarding implementation of the Credit Impact Damages process | Wednesday, 11/15/17 | Monday, 01/29/18<br><br>**50 Days before Fairness Hearing** | 130 Days after Preliminary Approval Order |
| Objection and Opt-Out Deadline | Tuesday, 12/05/17 | Monday, 02/19/18<br><br>**29 Days before Fairness Hearing** | 150 Days after Preliminary Approval Order |

---

[3] The Court granted a two-week extension of the Mailed Notice deadline during the Status Conference on October 5, 2017; however, because the information in the Mailed Notice cannot be updated until after the Court's decision on this motion, respectfully, we are seeking additional time to prepare and issue the Mailed Notice.

[4] The interval between the Final Approval Hearing and all other deadlines remains the same in the proposed revised schedule, except as necessary for the new deadline not to occur on a weekend. For example, the deadline for Plaintiffs to file motion for final approval and attorneys' fees is 60 days before the Final Approval Hearing in both the original and proposed revised schedule.

| Event | Current Deadline | Proposed New Deadline | Interval per Preliminary Approval Order |
|---|---|---|---|
| Class Representatives to file Reply on Final Approval and/or Attorneys' Fees | Wednesday, 12/20/17 | Friday, 03/09/18<br><br>**11 Days before Final Approval Hearing** | 170 Days after Preliminary Approval Order<br><br>*date changed per court order dated 07/28/17 |
| Final Approval Hearing | Thursday, 01/04/18 (10am) | Tuesday, 03/20/18<br><br>**New Date for Final Approval Hearing** | 180 Days after Preliminary Approval Order |
| Deadline to Submit Claim Form | Saturday, 02/03/18 | | 210 Days after Preliminary Approval Order |
| Class members that wish to appear at Final Approval Hearing, file with the clerk a written notification | Thursday, 12/21/17 | Tuesday, 03/6/18<br><br>**14 Days before Final Approval Hearing** | Not later than two weeks before the Final Approval Hearing |

Respectfully Submitted,

DATED this 7th day of October, 2017.

| | |
|---|---|
| KELLER ROHRBACK L.L.P.<br><br>By  */s/ Derek W. Loeser (w/ email permission)*<br>Derek Loeser, *admitted pro hac vice*<br>Gretchen Freeman Cappio, *admitted pro hac vice*<br>Daniel P. Mensher, *admitted pro hac vice*<br>KELLER ROHRBACK L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101-3052<br>(206) 623-1900; Fax: (206) 623-3384<br>dloeser@kellerrohrback.com<br>gcappio@kellerrohrback.com<br>dmensher@kellerrohrback.com | MUNGER, TOLLES & OLSON LLP<br><br>By */s/ David H. Fry*<br>David H. Fry (Bar No. 189276)<br>MUNGER, TOLLES & OLSON LLP<br>560 Mission Street, 27th Floor<br>San Francisco, California 94105-2907<br>(415) 512-4000; Fax: (415) 512-4077<br>david.fry@mto.com |

| | |
|---|---|
| Jeffrey Lewis (Bar No. 66587)<br>KELLER ROHRBACK L.L.P.<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612<br>(510) 463-3900; Fax: (510) 463-3901<br>jlewis@kellerrohrback.com | Erin J. Cox (State Bar No. 267954)<br>MUNGER, TOLLES & OLSON LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, California 90071-1560<br>(213) 683-9100; Fax: (213) 687-3702<br>erin.cox@mto.com |
| Matthew J. Preusch (Bar No. 298144)<br>1129 State Street, Suite 8<br>Santa Barbara, CA 93101<br>(805) 456-1496; Fax: (805) 456-1497<br>mpreusch@kellerrohrback.com | *Attorneys for Defendants Wells Fargo & Co. and Wells Fargo Bank, N.A.* |
| *Attorneys for Plaintiffs* | |

No. 15-cv-02159-VC            6            STIPULATION AND ADMINISTRATIVE MOTION RE SETTLEMENT RESERVE AND SCHEDULE

1 | **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

3 | DATED: October __20th__, 2017.

Hon Vince Chhabria
United States District Court
Northern District California

No. 15-cv-02159-VC        7        STIPULATION AND ADMINISTRATIVE MOTION RE SETTLEMENT RESERVE AND SCHEDULE