# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHRIAR JABBARI and KAYLEE HEFFELFINGER, on behalf of themselves and all others similarly situated,<br>       Plaintiffs,<br>v.<br><br>WELLS FARGO & CO. AND WELLS FARGO BANK, N.A.,<br>       Defendants. | Case No. 15-cv-02159-VC |

## OBJECTION TO CLASS CERTIFICATION AND REQUEST FOR ATTORNEYS' FEES

   Class member Jill R. Piazza, 495 Jordan Drive, Lumberton, TX 77657, (409) 781-2002, email Jills1269@yahoo.com, hereby objects to certification of this settlement class, and to the request for attorney's fees. Ms. Piazza received individual notice of the settlement, and her Claim # is 70070098. Ms. Piazza is not aware of any accounts that were opened without her authorization, and she did not enroll in Identity Theft Protection Services.

   Ms. Piazza is represented by the undersigned attorneys. She intends to appear at the fairness hearing through undersigned counsel.

**I. This Multistate Class Action May Not Be Certified Under the Fifty States' Laws Because Common Issues Do Not Predominate.**

   As was the case in the recently-decided *Espinosa v. Ahearn*, 2018 U.S App. Lexis 1626 (9th Cir., Jan23, 2018), this diversity class action may not be certified because variations in state law defeat predominance. This court has not conducted a choice of law analysis to determine whether common issues predominate, and even if it did, it is unlikely that they would. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) (holding that laws of 44 other states are materially different from California law in

a way that defeats predominance). As the 9th Circuit held in *Espinosa, supra*, the mere fact of settlement does not eliminate the need for a rigorous predominance analysis since otherwise Plaintiffs are disarmed to push for a better deal. 2018 U.S. App. Lexis 1626 at *37. That is equally true of this case. The Plaintiff Class could not have been certified for trial, and therefore Plaintiffs were disarmed and unable to press for an adequate settlement. Consequently, the Class may not be certified for settlement either, since common issues do not predominate, and Plaintiffs are as a result inadequate.

**II.     Class Counsel Has Requested an Excessive Lodestar Multiplier**

Class Counsel claim that their requested 15% fee results in a multiplier of 3.62, including in their lodestar computation 2500 hours of projected future hours spent on "settlement approval and administration." In fact, the multiplier that would result from a 15% fee is 4.7, an outrageous multiplier that is wholly unjustified in this low-risk, short-duration case that has benefitted from government enforcement.

First of all, it is improper to include future hours in the calculation of a lodestar for the purpose of awarding a fee. Almost all courts calculate fees based upon the current lodestar, since every case involves settlement administration work after final approval of the settlement. Typically, such work is fairly low level and can be accomplished by paralegals or staff attorneys. Furthermore, the court's award of a lodestar-multiplier provides a cushion over the lodestar that is usually more than sufficient to fully compensate for any future work.

In any event, even if future billed hours are to be compensated separately from the main fee award for work done to date, under no circumstances should that time be increased by a multiplier! After final approval of the settlement, there is no chance of

non-recovery, and any hours spent going forward should be compensated at cost, with no enhancement. Class Counsel's Fee Motion requests a multiplier of 3.62 on the projected future time as well as the time billed to date, which equates to compensation of $2106/hour for every hour spent answering class member phone calls and administering the settlement after final approval!

If the Court were inclined to provide separate compensation for Class Counsel's settlement administration work going forward, at most it should establish a reserve against which Class Counsel may petition for fees as they are incurred. This will ensure that Class Counsel are not overcompensated for routine work that is required in every class action settlement, and will avoid any risk-enhancement for no-risk work.

While 15% is below this Circuit's benchmark, the 4.7 lodestar multiplier is at the absolute upper end of the chart, which is completely unjustified in this low-risk, short-duration case.

Given that this case lasted less than two years between filing and settlement, Class Counsel's fee should be adjusted *downward* from 15% to 8%, or $11.36 million, a fee that would provide Class Counsel with a reasonable 2.5 multiplier on their unadjusted current lodestar.

This case was filed on May 13, 2015. After the Court granted Defendant's motion to compel arbitration on September 23, 2015, Plaintiffs appealed to the 9th Circuit, and proceedings in this case remained stayed for a year while the parties briefed the appeal to the 9th Circuit. The case was reopened in October 2016, and the parties reported the case settled a month later.

Therefore, while this case has been pending for two and a half years, the amount of time during which this case was actively litigated was only four months. Thereafter, Class Counsel was appealing the arbitration order, engaging in settlement negotiations and seeking approval of the settlement. Furthermore, after the Consumer Financial Protection Bureau announced $185 million in fines in September 2016, there was little to no risk to Class Counsel of zero recovery. At that point, it was clear that Wells Fargo was willing to pay a substantial amount of money in settlement of this action that would permit Class Counsel to request a fee in excess of their lodestar. Once Wells Fargo agreed to the CFPB's fine, it was a foregone conclusion that it would fully refund all amounts to affected consumers as part of a settlement of this action. Unsurprisingly, the settlement of this action was announced just two months after announcement of the CFPB fine.

A district court abuses its discretion when it fails to exclude from the settlement's valuation benefits that have been secured by governmental action. *In re Prudential Ins. Co. of America Sales Practices Litig.*, 148 F.3d 283, 336-338 (3rd Cir. 1998).

> We question the court's decision to base its fee calculation on the entire value of the settlement, including any portion which would have been provided to the class under the Task Force Plan.

*Id*. at 336.

> Allowing private counsel to receive fees based on the benefits created by public agencies would undermine the equitable principles which underlie the concept of the common fund, and would create an incentive for plaintiffs attorneys to minimize the cost of failure by free riding on the monitoring efforts of others.

*Id*. at 337.

The above quotation is an apt description of what transpired in this case. This case was filed after announcement of the fraudulent account activity by Wells Fargo and the opening of the CFPB's investigation, and settlement of this action was driven by the resolution of the government proceeding.

> The crux of this inquiry is distinguishing those benefits created by class counsel from the benefits created [by the government]. This determination is especially crucial in consumer class actions where federal or state agencies, including attorneys general, have conducted their own investigations of wrongdoing. The district court did not address these issues. Because it credited class counsel with creating the entire value of the settlement it did not attempt to distinguish between those benefits created by [the government] and those created by class counsel.

*Id*. at 338.

This Court has previously awarded less than 15% in a case that posed little risk and was of short duration. *Rose v. Bank of Am. Corp.*, 2014 U.S. Dist. LEXIS 121641 (N.D. Cal. Aug. 29, 2014). In *Rose*, the district court rejected a request for a 25% fee that would have resulted in a multiplier of between 5 and 8, and instead applied a multiplier of 2.59 to a reduced lodestar, resulting in a fee award of 7.5%. *Id.* at *36-37. *See also Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1049 (S.D. Cal. 2015) (awarding 15% fee resulting in 2.8 multiplier).

This Court should follow the careful analysis of Judge Davila in *Rose* and award Class Counsel a fee of no more than 2.5 times their current lodestar to account for the short duration and government assistance in this case.

For the foregoing reasons, this Court should award Class Counsel a fee of no more than 8% of the settlement, or $11.36 million.

Signed by: _____   Date:
               Jill Piazza

                                                          Respectfully submitted,
                                                          Jill Piazza,
                                                          By her attorney,

*/s/ John J Pentz*
John J. Pentz, Esq., *pro hac vice*
19 Widow Rites Lane
Sudbury, MA 01776
Phone: (978) 261-5725
jjpentz3@gmail.com

C. Benjamin Nutley, Esq.
1055 E. Colorado Blvd.
Pasadena, CA 91106
(310) 654-3365
nutley@zenlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed with the Clerk of Court using CM/ECF on February 16, 2018 and as a result has been served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ John J Pentz*

For the foregoing reasons, this Court should award Class Counsel a fee of no more than 8% of the settlement, or $11.36 million.

Signed by: *Jill Piazza*     Date: 02/13/2018
Jill Piazza

Respectfully submitted,
Jill Piazza,
By her attorney,

*/s/ John J Pentz*
John J. Pentz, Esq., *pro hac vice*
19 Widow Rites Lane
Sudbury, MA 01776
Phone: (978) 261-5725
jjpentz3@gmail.com

C. Benjamin Nutley, Esq.
1055 E. Colorado Blvd.
Pasadena, CA 91106
(310) 654-3365
nutley@zenlaw.com