Annette Borzakian (SBN 224143)
Annette Borzakian, A Professional Law Corporation
601 S. Figueroa Street, Suite 4050
Los Angeles, California 90017
(818)720-1616
Annette@mamatried.org

Attorney for Class Member, Lydia LaBelle de Rios

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SHAHRIAR JABBARI and KAYLEE HEFFELFINGER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br> WELLS FARGO & COMPANY AND WELLS FARGO BANK, N.A., <br> Defendants. | No. 15-cv-02159-VC <br><br> **OBJECTION TO CLASS SETTLEMENT** |

## OBJECTION TO CLASS ACTION SETTLEMENT

Class member and objector, Lydia LaBelle de Rios, ("hereinafter Objector") opposes the approval of the class action settlement in *Jabbari v. Wells Fargo*, No. 3:15-cv-02159 (N.D. Cal.). Objector is not aware of any Unauthorized Accounts. Objector is not aware if she enrolled in Wells Fargo Identity Theft Protection Services. Objector submitted a claim.

A district court may approve a class action settlement only if the settlement is "fair, reasonable, and adequate." Fed R. Civ. P. 23(e)(2). The district court fulfills both its "duty to act as a fiduciary who must serve as a guardian of the rights of absent class members and ... the

Page 1

requirement of a searching assessment regarding attorneys' fees that should properly be performed in each case." *In re Bank of Am. Corp. Securities, Derivative, and Employee Ret. Income Sec. Act (ERISA) Litig.*, 772 F.3d 125, 134 (2d Cir. 2014) citing *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 419 (2d Cir. 2010).

"Class-action settlements are different from other settlements. The parties to an ordinary settlement bargain away only their own rights—which is why ordinary settlements do not require court approval." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 715 (6th Cir. 2013). Unlike ordinary settlements, "class-action settlements affect not only the interests of the parties and counsel who negotiate them, but also the interests of unnamed class members who by definition are not present during the negotiations. *Id.* "[T]hus, there is always the danger that the parties and counsel will bargain away the interests of unnamed class members in order to maximize their own." *Id.*

The Court must ensure that the class certification criteria have been met pursuant to the 9th Circuit's recent opinion in *In re Hyundai and Kia Fuel Econ. Litig.*, 15-56014, 2018 WL 505343, at 3–4 (9th Cir. Jan. 23, 2018).

The Court should not award the requested amount of attorney's fees of $21,300,000 and instead only award class counsel its lodestar amount of $5,945,094.50. Though this circuit has established 25% of the common fund as a benchmark award for attorney fees, this amount is excessive when compared to its lodestar of 3.62 multiplier. A district court must also provide adequate justification for the use of a multiplier, which is appropriate in only "rare" or "exceptional" cases. See *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010). Here, there was little risk and no rare and exceptional circumstances that would justify a multiplier as Wells Fargo had already entered into settlements with three government agencies. These prior settlements already established Wells Fargo's liability. As such, a multiplier is not warranted in this situation.

Class counsel has billed and expects to bill a total of 10,155.40 hours for a blended rate of $585.41 per hour. If they were to receive the lodestar without a multiplier, it would be more than fair. If the Court were to grant the entire amount of attorney fees requested, it would amount to an outrageous amount of $2,097.40 per hour. By limiting the attorney's fees to the lodestar, more funds could go to class members.

Costs related to administration of the settlement should not be included in calculating the fee award. If the Court were to include these costs, it would have "eliminated the incentive of class counsel to economize on that expense—and indeed may have created a perverse incentive; for higher administrative expenses make class counsel's proposed fee appear smaller in relation to the total settlement than if those costs were lower." *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014)

The Court should also evaluate the settlement for any potential collusion between class counsel and defendant. The Court "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self interests ... to infect the negotiations." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Rather than explicit collusion, there need only be acquiescence for such self-dealing to occur: "a defendant is interested only in disposing of the total claim asserted against it" and "the allocation between the class payment and the attorneys' fees is of little or no interest to the defense." *Id.* at 949 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) and *In re Gen. Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 819-20 (3d Cir. 1995).

///

For the foregoing reasons, the Court should deny final approval of the settlement. Neither Objector nor I intend to appear at the fairness hearing.

Date: February 19, 2018

*Lydia LaBelle de Rios*

Lydia LaBelle de Rios, Objector

/s/ *Annette Borzakian*
Annette Borzakian
601 South Figueroa Street, Suite 4050
Los Angeles, CA 90017-5879
818-720-1616

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on February 19, 2018, and served by the same means on all counsel of record.

/s/ *Annette Borzakian*
Annette Borzakian