FILED

FEB 23 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Timothy R. Hanigan (SBN 125791)
2  LANG, HANIGAN & CARVALHO, LLP
   21550 Oxnard Street, Suite 760
3  Woodland Hills, CA 91367
4  Tel: (818) 883-5644
   Fax: (818) 704-9372
5  Attorneys for Objector/Class Member,
6  Chad Michael Farmer

7              **UNITED STATES DISTRICT COURT**
8         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9   SHAHRIAR JABBARI and KAYLEE       Case No. 15-cv-02159-VC
10  HEFFELFINGER, on behalf of
    themselves and all others similarly   The Honorable Vince Chhabria,
11  situated,                             Presiding

12              Plaintiffs,

13
    WELLS FARGO & CO. AND WELLS
14  FARGO BANK, N.A.,

15
                Defendants,
16

17

18

19

20
   ─────────────────────────────────────────────
21
              **OBJECTION OF CHAD MICHAEL FARMER**
22
   ─────────────────────────────────────────────
23

24

25

26

27

28

**Introduction**

Class counsel seek approval of a nationwide settlement that does not pass the heightened scrutiny required for class certification, even in the context of a settlement, as outlined in *In re Hyundai & Kia Fuel Economy Litig.*, No. 15-56014, 2018 WL 505343 (9th Cir. Jan. 2018). Not only should this Court decline to certify the class and reject the proposed settlement, but it should also find the class representatives inadequate. Fed. R. Civ. P. 23(a)(3),(4) & 23(b)(3); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

Class counsel submit the proposed $142 million common fund as a fair return on class damages in excess of $600 million. Dkt 180, at 11 ("jury could award a maximum of $600 million in statutory FCRA damages); *id.* at 12 (noting Plaintiffs could recover $12.6 million under state consumer protection claims); *id.* at 12 (discussing strong claims for breach of contract/unjust enrichment without estimating damages). But as a threshold issue, this considerable discount on damages appears to be a product of litigation in which common issues involving varying state laws do not predominate. As in *Hyundai*:

> [T]he class representatives were well aware that they would be unlikely to succeed in any efforts to certify a nationwide litigation class. Thus, by "permitting class designation despite the impossibility of litigation, both class counsel and court [were] disarmed." Hyundai and Kia knew that there was little risk that they would face a nationwide litigation class action if they did not reach a settlement agreement. Accordingly, "[c]lass counsel confined to settlement negotiations could not use the threat of litigation to press for a better offer, and the court [faced]

> a bargain proffered for its approval without benefit of
> adversarial investigation."

*Hyundai*, 2018 WL 505343, at *13 (citation omitted). The proposed settlement class cannot be certified on the evidence proffered by class counsel. Class counsels' own motion for final approval of the settlement suggests questionable grounds for certification at best. Dkt. 180, at 12-16. Class counsel also submitted no choice-of-law analysis whatsoever, which the Ninth Circuit demands. *Hyundai*, 2018 WL 505343, at *12. Class counsels' motion for certification of the settlement class and approval of the settlement must be denied.

## STANDING AND PRELIMINARY STATEMENTS

Objector's full name, address, telephone number, are as follows: Chad Michael Farmer; 208 via Morella, Encinitas, CA 92024; (858) 752-2097. Mr. Farmer is a person for whom Wells Fargo or Wells Fargo's current or former subsidiaries, affiliates, principals, officers, directors, or employees opened an Unauthorized Account, as defined in the class notice, during the period from May 1, 2002, to April 20, 2017, inclusive. *See* Declaration of Chad Farmer, Exhibit "A" hereto, incorporated by reference as though set forth in full. *Id*. Mr. Famer is aware of one Unauthorized Account, as defined in the Class Notice, that was opened without his consent. *Id*. The account number is 9770453190. Mr. Farmer does not know the date the account was opened.

As such, Mr. Farmer is a class member and has standing to make this objection. Attached hereto as Exhibit "1-A" is a true and correct copy of the

confirmation page from the filing of his online claim. Attached hereto as Exhibit "1-B" is a true and correct copy of the screen shot identifying the Unauthorized Account.

Objector is represented by local counsel, Timothy R. Hanigan, LANG, HANIGAN & CARVALHO, LLP. Objector is also represented by Bandas Law Firm, PC, as his general counsel in objecting to the settlement. Chris Bandas of Bandas Law Firm does not presently intend on making an appearance for himself or his firm, although he reserves the right to do so.

Mr. Farmer objects to the Class Action Settlement in *Jabbari v. Wells Fargo*, No.3-:15-cv-02159 (N.D. Cal.). The statement of the objections and the grounds therefore are set forth below. While reserving the right to do so, Objector does not presently intend on appearing at the fairness hearing either in person or through counsel but asks that the objection be submitted on the papers for ruling at that time. Objector relies upon the documents contained in the Court's file in support of these objections.

Objection is made to any procedures or requirements to object in this case that require information or documents other than those that are contained herein on grounds that such requirements seek irrelevant information to the objections, are vague and unnecessary, are not adequately described in the class notice, are unduly burdensome, are calculated to drive down the number and quality of objections to the settlement and violate Objector's and counsel's due process rights and/or Rule 23. Objector incorporates by reference the arguments and authorities contained in other filed objections, if any, made in opposition to the fairness, reasonableness and

adequacy of the proposed settlement, the adequacy of class counsel and to the proposed award of attorneys' fees and expenses that are not inconsistent with this objection.

## OBJECTIONS

### I. Background.

This class action was initiated on May 13, 2015 based on allegations that Defendants opened accounts on behalf of customers without their knowledge or consent. Dkt. 1, 37. The class action complaint alleges this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one defendant. Dkt. 37, at 4. Among other claims, class counsel alleged violations of state consumer protection statutes, breach of contract/unjust enrichment, and conversion. Class counsel also alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

The parties arrived at a proposed settlement in 2017, and this Court granted preliminary approval of the settlement on July 8, 2017. Dkt. 165.

### II. The Settlement Class Should Not be Certified.

Class counsels' motion for final approval fails to offer a choice of law analysis or rigorously analyze potential differences in state consumer protection laws, among other potentially varying state laws. As such, they failed to make the requisite showing to support certification of the class.

"A court may not justify its decision to certify a settlement class on the ground

that the proposed settlement is fair to all putative class members." *Hyundai*, at *5. That is, it mat may not "relax its 'rigorous' predominance inquiry when it considers certification of a settlement class." *Id.* (citing *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). The Rule 23(b)(3) predominance inquiry is "far more demanding" than Rule 23(a)'s commonality requirement. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

Both this Court's order preliminarily approving the settlement and class counsels' motion for final approval of the settlement identify serious concerns with the viability of class certification. Dkt. 165, Dkt. 180. This Court noted that the proposed intervenors' arguments regarding the value of the settlement were not baseless, but preliminarily approved the settlement in light of the significant risks the class faced at the class certification stage, particularly as it pertained to state-law identify theft plaintiffs. Dkt. 165, at 2.

Class counsel conceded that "classwide proof of whether accounts were unauthorized," necessary for class certification, would be difficult. Dkt. 180, at 2; see also Dkt 180, at 15 (observing that "Wells Fargo could argue that adjudicating whether a particular account was unauthorized raises inherently individualized factual issues"). Additionally, of the twenty states that allow private civil actions for identify theft, ten authorized recovery of actual damages. Dkt. 180, at 12. Identify-theft statutes from the remaining states allow statutory damages, but require proof of purpose or intent, which "could also stymie class certification." *Id.*

Class counsel also argued that the class has "strong claims under at least some

state consumer protection laws." Dkt. 180, at 12. Still, they acknowledge "variations among state laws could impede certification of a nationwide class." Dkt. 180, at 12 (citing *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1017-18 (7th Cir. 2002)).

As the Ninth Circuit observed in *Hyundai*, the mere fact that the parties reached a settlement does not supplant the need for a rigorous analysis on whether common issues predominate. By avoiding this analysis where certification issues exist, the class representatives are disarmed in negotiating with the defendants.

## Conclusion

Objector requests that this Court deny class counsels' request for certification of the settlement class based on their failure to meet standards set forth in the Ninth Circuit *Hyundai* opinion. Objector further requests that this Court find inadequate representation, and further that the Court decline to approve the settlement.

DATED:  February 19, 2018

Respectfully submitted,
*/s/ Timothy R. Hanigan*
Timothy R. Hanigan (125791)
LANG, HANIGAN &
CARVALHO, LLP,
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
(818) 883-5644
trhanigan@gmail.com

Attorney for Objector/Class Member
Chad Farmer

**Certificate of Service**

The foregoing Objection was mailed today to the Class Action Clerk for United States District Court for the Northern District of California at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

DATED: February 19, 2018

/s/ *Timothy R. Hanigan*
Timothy R. Hanigan

1
2
3
4    DATED:  February 19, 2018
5                                                              Chad Farmer
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Timothy R. Hanigan (SBN 125791)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367
Tel: (818) 883-5644
Fax: (818) 704-9372
Attorneys for Objector/Class Member,
Chad Michael Farmer

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHRIAR JABBARI and KAYLEE HEFFELFINGER, on behalf of themselves and all others similarly situated, | Case No. 15-cv-02159-VC |
| Plaintiffs, | The Honorable Vince Chhabria, Presiding |
| WELLS FARGO & CO. AND WELLS FARGO BANK, N.A., | |
| Defendants, | |

## DECLARATION OF CHAD FARMER

My name is Chad Farmer.  I am over 18 years old. I am competent to make this affidavit. The facts stated herein are within my personal knowledge. I am a resident of Encinitas, California.

I am a person for whom Wells Fargo or Wells Fargo's current or former subsidiaries, affiliates, principals, officers, directors, or employees opened an Unauthorized Account, as defined in the class notice, during the period from May 1, 2002, to April 20, 2017, inclusive. I opened a checking account in at a Wells Fargo location in Encinitas, California a few years ago, to the best of my recollection sometime between 2015 and 2017. I subsequently closed my checking account sometime in 2016.

I later learned that another account had been opened without my permission. Attached hereto as Exhibit 1-A is a true and correct copy of a screenshot that I took of the information about that account from the Wells Fargo Ap. The account is identified as a "Way2Save" Checking account ending in number 3190. The App indicates the account is dormant. The full account number is 9770453190.

Also attached hereto as exhibit 1-B is a true and correct copy of the confirmation page received on February 18, 2018, after a claim was made on the settlement website. See attached exhibit 1-B.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 19, 2018

Chad Farmer

# EXHIBIT A

# WAY2SAVE® CHECKING

...3190

## $11.99

Available balance

This account is dormant. Call us at 1-800-869-3557 to reactivate or close your account.

## *Way2Save*® Savings

 Card-Free ATM

 Send Money with Zelle®

 Deposit Checks

 Wells Fargo Wallet  >

View Your FICO® Credit Score  >

# EXHIBIT B

2/18/2018

**Confirmation**

**Your claim has been submitted. Please print and save this for your records.**

Your Claim Number is: **70077344**

C. Farmer
208 Vin Morella
Encinitas, CA
      92024

U.S. POSTAGE
$1.50

92024
Date of sale
02/19/18
06    2S00
08349766 SSK

Class Action Clerk for U.S. District Courts
Northern District of California
Phillip Burton
Federal Bldg ÷ United States Court House
450 Golden Gate Avenue
San Francisco, CA
      94102