UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

SHAHRIAR JABBARI & KAYLEE HEFFELFINGER,
on behalf of themselves and all others similarly situated,

    Plaintiff,

v.                                          Civil Action No. 15-cv-02159-VC

WELLS FARGO & COMPANY AND WELLS FARGO BANK, N.A.,

    Defendants.

---

## OBJECTION OF ADAM BRUNET

---



Adam Brunet
14561 Elysium Pl.
Apple Valley, MN 55124

612-263-7166

# I. INTRODUCTION AND CLASS MEMBERSHIP

**COMES NOW**, class member, Adam Brunet ("Objector") hereby objects to Class Counsel's notice of motion and motion for attorneys' fees

Objector represents that he/she has standing in this action since he was included by the Court when the Court decided this to be a class action.

Objector believes that unauthorized accounts were opened in his name approximately May, 2011.

Objector is not represented by an attorney.

Objector does not plan to appear at the final approval hearing.

## II. OBJECTIONS

### A. The district court has a fiduciary duty to the class as a whole

"Class-action settlements are different from other settlements. The parties to an ordinary settlements bargain away only their own rights----which is why ordinary settlements do not require court approval." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 715(6th Cir. 2013). Unlike ordinary settlements, "class-action settlements affect not only the interests of the parties and counsel who negotiate them, but also the interests of unnamed class members who by definition are not present during the negotiations." *Id.* Thus, there is always the danger

### B. Class Counsel's Fees are Arbitrary and Unreasonably High

Class action counsel are entitled to attorneys' fees when they create a common recovery fund. If they do not create a common fund, class counsel may be entitled to attorney's fees if they provide a substantial benefit for the class. A "substantial benefit" means "something more than technical in its consequence" and ...one that accomplishes a result which corrects or prevents abuse...". The settlement was not necessary to prevent further abuse. Defendant has already made public disclosures as such. Further, Courts use a five -prong analysis of reasonableness in determining the fee awarded to Class Counsel; (1) the time and labor expended by counsel; (2) the magnitude and complexity of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. At this time, we have no indication how "the time and

labor was expended by counsel", nor has the Court or the Class Counsel informed the Class of the magnitude, complexity, and the risk of litigation which would reasonably allow for such an amount. To that, the amount requested is unreasonable. Also, as Objector believes Class Counsel competed and lobbied for the rights to represent the class, the risk of taking on this work was nill. Here, the supposed benefits are either unsupported or de minimus to the class. Nevertheless, the class attorney(s) are requesting fees in the amount of $21,000,000.00. Whether the attorney's fees are assessed utilizing the lodestar-multiplier or the percentage method to calculate attorney fees they are unreasonable. "A settlement should be valued by the amount the class actually receives", or "benefits actually conferred".

However, the more important item in this case is the time and labor Class counsel claims was expended on this case. This case was filed on May 13, 2015. The Court, then, granted Defendant's motion to compel arbitration on September 23, 2015. Plaintiffs appealed to the 9th Circuit, and proceedings in this case remained stayed for a year while the parties briefed the appeal to the 9th Circuit. The case was reopened in October 2016, and the parties reported the case settled a month later. Therefore, while this case has been pending for two and a half years, the amount of time during which this case was actively litigated was only four months. Thereafter, Class Counsel was appealing the arbitration order, engaging in settlement negotiations and seeking approval of the settlement. As a member, I am entitled to a detailed accounting of what Class counsel actually did for this fee. Currently, there is in no justification for the $21,000,000 dollar fee.

C.     **The Lodestar multiplier is Unreasonable**

Class Counsel has requested a 15% fee as a result of a 3.62 multiplier. They have included in the lodestar an additional 2500 future hours. That includes "settlement approval and administration". It is this Objector's opinion, that the true multiplier is 4.7. In this case, the multiplier is unreasonable considering the brief time of the case and the involvement of the governmental law enforcement.

It is well known that to calculate future hours in a lodestar calculation when getting a fee is improper. Courts calculate fees based on the current lodestar because every case involves settlement administration work after final approval of the settlement. Most of the time, that type of work is done by paralegals or staff attorneys. The reason courts award a lodestar-multiplier is to provide excess funds over the lodestar that is usually more than ample to fully compensate for any future work.

In any event, under no circumstances should future time be increased by a multiplier. After final approval of the settlement, there should be no chance of non-recovery, and any hours spent going forward should be compensated at cost, with no enhancement. In the fee motion, Class Counsel requests a multiplier of 3.62 on the projected future time as well as the time billed to date. This equates to compensation of $2106/hour for every hour spent answering class member phone calls and administering the settlement after final approval. This case lasted less than two years between filing and settlement, any fee should be adjusted downward from 15% to 8%, or $11.36 million. This fee that would provide Class Counsel with a reasonable 2.5 multiplier.

Additionally, in September, 2016, the Consumer Financial Protection Bureau announced $185 million in fines against Wells Fargo. It was quite evident that counsel for the class would make a recovery. After Wells Fargo agreed to the CFPB's fine, it was easy to conclude that Wells Fargo would compensate affected consumers. Two months after the CFPB fine was announced, a settlement in this case was made. Private counsel should not be allowed to excessively charge for piggy-backing on the positive work done by governmental agencies at the expense of class members.

## III. CONCLUSION

For the foregoing reasons, this Objector requests, that this Honorable Court should support and rule in favor of this Class Members objection(s), and not approve of this Request for attorney fees.

Respectfully Submitted,

*[signature]*