IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION



| | |
|---|---|
| SHAHRIARI JABBARI and KAYLEE HEFFELFINGER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A.,<br><br>Defendants. | Case No.: 15-CV-02159- VC<br><br>**OBJECTIONS TO PLAINTIFFS' JANUARY 19, 2018 MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (DOC 180) AND PLAINTIFF'S JANUARY 19, 2018 MOTION FOR ATTORNEY'S FEES AND COSTS (DOC 185)**<br><br>The Hon. VINCE CHHABIRIA<br>Courtroom 1 |

Objector, Charles Darbyshire as Guardian of Roy Geiersbach (hereinafter "Objector Darbyshire"), hereby objects to Plaintiffs' January 19, 2018 Motion for Final Approval of Class Action Settlement (Doc 180) and Plaintiff's January 19, 2018 Motion for Attorney's Fees and Costs (Doc 185) says:

**PROOF OF MEMBERSHIP IN THE SETTLEMENT CLASS**

Objector Darbyshire's address is 3921 SE 13th Terrace, Gainesville FL 32641, and his phone number is (352) 256-3234. Objector Darbyshire received a letter notice, from the settlement administrator, stating there may be one or more Wells Fargo deposit accounts opened in the name of the Geiersbach guardianship. His claim number is 70266778. Objector Darbyshire is and was not aware of any accounts that were opened without his authorization, and he did not enroll in Identity Theft Protection Services.

**NOTICE OF INTENT TO APPEAR**

Objector Darbyshire gives notice it reserves its right to appear at the Fairness Hearing

scheduled at 10:30 AM on May 30, 2018 at the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102. Objector Darbyshire does not intend to call any witness, present any papers, exhibits, or other evidence in connection with the Fairness Hearing.

## **OBJECTIONS**

1. Constitutional due process requires the Notice to the class members to provide sufficient information to the unnamed class members; sufficient to allow class members to determine the fairness adequacy and reasonableness of the proposed settlement fund. At a minimum, the Notice should provide information: as to whether or not statutory or punitive damages are available to the class; how many class members there are; and, the opinion of plaintiff's expert(s) as to the average amount of damages that were suffered by individual class members.

2. It is unlikely that the Court has been accurately informed as to the size of the class. It appears from the record that the court was originally told there were 2.1 million accounts opened without authorization. Subsequently, the court was informed that there are at least 3.5 million such accounts. Thus, the court has not been given sufficient information to determine whether the proposed settlement is fair adequate or reasonable.

2. Because Wells Fargo is a national bank with offices in each of the 50 states, it is safe to assume that class members are distributed in the various states. It is recognized in this circuit that the laws of other states are materially different from the laws of California. *Mazza v. Am.*

Objections to Plaintiffs' January 19, 2018 Motion for Final Approval of Class Action Settlement (Doc 180) and Plaintiff's January 19, 2018 Motion for Attorney's Fees and Costs (Doc 185)
Case No.: 15-CV-02159- VC

*Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012). That variation in state law consumer protection, governing the defendants conduct underlying this class action, precludes approval of the proposed class action settlement because of a lack of predominance.

3. Earlier this year the Ninth Circuit established in *Espinosa v. Ahearn (In re Hyundai & Kia Fuel Econ. Litig.)*, 2018 U.S App. Lexis 1626 (9th Cir., Jan 23, 2018) that before certifying a class, a trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Rule 23, including a demanding predominance inquiry. When a district court certifies for class action settlement only, the moment of certification requires "heightened" attention. Thus, even when reviewing certification in a settlement context, this court has a "duty" to take a close look at whether common questions predominate over individual ones, and ensure that individual questions do not overwhelm questions common to the class.

4. In determining fairness, adequacy and reasonableness this court should ignore any implication by the proponents to the proposed settlement that the Wells Fargo defendants could have forced the millions of class members into arbitration; based on class members contractual relationship with the defendants. There is no question that any right to compel arbitration has been waived by the Wells Fargo defendants, by and through the testimony of Timothy Sloan, who, on October 11, 2017, in testimony before the United States Senate Banking Committee, waived, Wells Fargo's right to compel arbitration " on unauthorized accounts, "multiple times."

5. It appears on the face of the settlement agreement that there are at least five subclasses

Objections to Plaintiffs' January 19, 2018 Motion for Final Approval of Class Action Settlement (Doc 180) and Plaintiff's January 19, 2018 Motion for Attorney's Fees and Costs (Doc 185)
Case No.: 15-CV-02159- VC

Page 3 of 7

being incorporated into the proposed settlement. They are: (1) "Authorized Claimants" those who are approved individuals who had fees charges to their accounts and who receive payment for out-of-pocket losses from the Net Settlement Fund, as determined by the Settlement Administrator; (2) "Authorized Credit Analysis Account" those accounts with an authorized credit card account for which Wells Fargo made a Delinquency or Derogatory Report caused by fees or overdraft amounts charged to the account as a result of being linked to an unauthorized account; (3) "Identity Theft Protection Services" those affected by Wells Fargo products or services designed to monitor and alert enrolled customers when specific information was reported to Consumer Reporting Services; (4) "Unauthorized Application" those affected by an application for one or more Wells Fargo products, services, and accounts [in] which application was submitted without consent and did not result in the opening of a product, service, or account; and, (5) "Unauthorized Credit Analysis Account" those affected by an Unauthorized Account that was an unsecured credit card, an unsecured line of credit, or a small business checking or savings account. Assuming that, between them, the two named plaintiffs do not belong to the five subclasses; approval of any settlement must be deferred until adequate named plaintiffs and additional class counsel are appointed, so that any conflict of interest is properly dealt with.

6. Class Counsels' requested fees are unreasonable in light of the actual time and effort involved in reaching settlement. It is true that this matter was filed years ago in 2015. However, the Court is reminded that after the Wells Fargo defendant's motion to compel arbitration was granted in the fall of 2015 and that the parties were on appeal for a year; thereafter this case

Objections to Plaintiffs' January 19, 2018 Motion for Final Approval of Class Action Settlement
(Doc 180) and Plaintiff's January 19, 2018 Motion for Attorney's Fees and Costs (Doc 185)
Case No.: 15-CV-02159- VC

settled, more or less immediately, after the matter returned to this court. Thus, the actual amount of time spent litigating this matter is relatively small. The majority of time expended appears to be related to reaching a settlement, with little discovery that would allow an accurate tally of the number of class members or the average amount of damages per class member.

7. Court is further reminded that on September 8, 2016 "Wells Fargo was slapped with a $185 million fine ... for "widespread illegal" sales practices that included opening as many as two million deposit and credit-card accounts without customers' knowledge, federal and local authorities said. Employees at the bank, which has 40 million retail customers, in some instances issued debit cards without customers' knowledge and assigned personal identification numbers without telling them, according to the U.S. Consumer Financial Protection Bureau. They also transferred funds from authorized customer accounts to temporarily fund ones without customer permission, according to the allegations, sometimes resulting in fees for insufficient funds. Staffers also allegedly created fake email addresses, such as "noname@wellsfargo.com," to enroll unknowing consumers or people who don't exist in online-banking services to hit sales goals." (https://www.wsj.com/articles/wells-fargo-to-pay-185-million-fine-over-account-openings-1473352548) Thus, after September 8, 2016, there was little or no risk to Class Counsel of no recovery, in this matter.

**WHEREFORE**, Objector Darbyshire respectfully requests that this Court sustain this Objection and enter such Orders as are necessary and just to adjudicate this Objections

Objections to Plaintiffs' January 19, 2018 Motion for Final Approval of Class Action Settlement (Doc 180) and Plaintiff's January 19, 2018 Motion for Attorney's Fees and Costs (Doc 185)
Case No.: 15-CV-02159- VC

Page 5 of 7

including but not limited to an order:

A. Disapproving the proposed settlement as not being fair adequate or reasonable.

B. Disapproving the proposed settlement because of the lack of adequate representation, regarding potential conflict, among the named plaintiffs, and Class Counsel concerning the five subclasses enumerated above.

C. Assuming approval of the proposed settlement; setting a reasonable attorneys of $7,100,000.00, a reasonable 5% of the common fund; and,

D. Granting such other relief that this court deems necessary and proper to protect the interests of the un-named class members, for whom this court is a fiduciary..

Respectfully Submitted,

_____
Charles Darbyshire
Guardian of Roy Geiersbach
3921 SE 13th Terrace
Gainesville FL 32641
Phone (352) 256-3234

Prepared with the assistance of Florida Counsel, N. Albert Bacharach, Jr., FBN 209783

Objections to Plaintiffs' January 19, 2018 Motion for Final Approval of Class Action Settlement (Doc 180) and Plaintiff's January 19, 2018 Motion for Attorney's Fees and Costs (Doc 185)
Case No.: 15-CV-02159- VC