# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SHAHRIAR JABBARI and KAYLEE HEFFELFINGER, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY AND WELLS FARGO BANK, N.A.,<br><br>          Defendants. | No. 15-cv-02159-VC<br><br>**REVISED [~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING SERVICE AWARDS, AND AWARDING ATTORNEYS' FEES AND EXPENSES**<br><br>Judge: Hon. Vince Chhabria |

On May 30, 2018, this Court held a Final Fairness Hearing to determine whether the terms and conditions of the Amended Stipulation and Agreement of Class Action Settlement and Release ("Settlement," "Settlement Agreement," or "SA") agreed to by Plaintiffs Shahriar Jabbari and Kaylee Heffelfinger, and proposed Settlement Class Representatives Jose Rodriguez and Antonette Brooks, individually and on behalf of the Settlement Class (or "Class"), and Defendants Wells Fargo & Company and Wells Fargo Bank, N.A. ("Defendants" or "Wells Fargo"), are fair, reasonable, and adequate and should be approved by the Court, and whether an Order and Final Judgment should be

entered dismissing the above-referenced Action with prejudice and releasing the Released Claims as defined in Paragraph 2.50 of the Settlement Agreement. The Court also considered Plaintiffs' request for Class Representative service awards and an award of attorneys' fees and expenses. The Court finds that this Settlement complies with the Northern District of California's Procedural Guidance for Class Action Settlements. The Court also finds that the Settlement represents a successful outcome for the Settlement Class; will provide significant monetary benefits to the Settlement Class while removing the risk and delay associated with further litigation; and is fair, reasonable, and adequate pursuant to Federal Rule of Procedure 23. The Court also finds that the requested service awards, attorneys' fees, and expenses are reasonable. Therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.      The Court grants the Motion for Final Approval of the Revised Class Action Settlement Agreement and Release and grants final approval to the Settlement. This Order (the "Final Approval Order") incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used here shall have the same meanings as they have in the Settlement Agreement.

2.      This Court has personal jurisdiction over all Settlement Class Members and subject-matter jurisdiction to approve the Settlement Agreement.

<u>Compliance with Preliminary Approval Order</u>

3.      All the revisions that the Court requested in its Preliminary Approval Order (ECF 165) have been implemented.  *See* Declaration of Derek W. Loeser in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement, Certification of a Settlement Class, Service Awards and Fee/Cost Award (Loeser Declaration) (ECF 186). Specifically, Section 39 of the revised long-form notice (ECF 162-7) was altered before distribution to make clear that mediation does not impose a binding result on the parties, but depends on the parties' mutual agreement. Also, Section 42 of the revised long-form

ORDER GRANTING FINAL
                                                                    APPROVAL, APPROVING
                                                                    SERVICE AWARDS, AND
                                                                    ATTORNEYS' FEES

notice (ECF 162-7) was altered before distribution to include an appropriate email address for Class Counsel.

### Class Certification and Final Settlement Approval

4.       The Court confirms its previous certification of the Settlement Class, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3). The Settlement Class is defined as follows: All Persons for whom Wells Fargo or Wells Fargo's current or former subsidiaries, affiliates, principals, officers, directors, or employees opened an Unauthorized Account or submitted an Unauthorized Application, or who obtained Identity Theft Protection Services from Wells Fargo during the period from May 1, 2002 to April 20, 2017, inclusive, with the exception of (i) Defendants' officers, directors and employees; (ii) the judicial officers and associated court staff assigned to this case, and the immediate family members of such officers and staff; and (iii) Persons who timely and properly opt-out of the Settlement Class pursuant to the procedures set out in Paragraph 12 of the Settlement Agreement. The Court confirms its previous determination in the Preliminary Approval Order that, for settlement purposes only, the Action meets all the prerequisites of Rule 23(a) and the requirements of Rule 23(b)(3).

5.       The Court confirms its previous appointment of the following people as Class Representatives: Shahriar Jabbari, Kaylee Heffelfinger, Jose Rodriguez, and Antonette Brooks. The Court finds that these Class Representatives have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

6.       The Court confirms its previous appointment of Derek W. Loeser, Gretchen Freeman Cappio, Daniel Mensher, Jeffrey Lewis, and Matthew J. Preusch of Keller Rohrback L.L.P. as Class Counsel. Class Counsel have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

ORDER GRANTING FINAL
APPROVAL, APPROVING
SERVICE AWARDS, AND
ATTORNEYS' FEES

7.     The Court confirms its previous appointment of Rust Consulting as the Settlement Administrator and finds that it has so far fulfilled its duties under the Settlement. The Court orders that the Settlement Administrator shall be paid according to the Settlement Agreement for expenses relating to the Notice Plan and administration of the Settlement.

8.     The Court finds that the Settlement creates a non-reversionary Settlement Fund of $142 million, which Wells Fargo has deposited into the Escrow Account as required by the Preliminary Approval Order. The Escrow Account was established as a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-l of the U.S. Internal Revenue Code of 1986, as amended. Class Counsel shall, in its sole discretion, appoint an Escrow Agent who shall hold and distribute funds as provided herein. All costs and expenses of the Escrow Agent, including taxes, if any, shall be paid from the funds under its control, including any interest earned on the funds.

9.     The Court finds that, in addition to the $142 Settlement Fund, Wells Fargo has agreed to pay the cost of engaging the Consumer Reporting Agencies to conduct their respective tasks in connection with the analysis of Credit Impact Damages; up to $1 million of the cost of conducting the expert analysis necessary to calculate Credit Impact Damages; $1 million toward the increased cost of mailing notice by envelope to Consultant-Identified Persons; certain call center costs related to management, training, and live support; and certain additional settlement administration costs necessitated by the supplemental notices issued by Wells Fargo at the direction of the Court.

10.     The Court finds that the Settlement is, within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure, fair, reasonable, and adequate and in the best interests of the Class Representatives, the Settlement Class, and each of the Settlement Class Members, and is consistent and in compliance with all requirements of due process and federal law. The Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the

ORDER GRANTING FINAL
APPROVAL, APPROVING
SERVICE AWARDS, AND
ATTORNEYS' FEES

interests of the Class Representatives, the Settlement Class Members, and the Defendants, and that there are no signs of collusion between the Parties. The Court further finds that the Parties have evidenced full compliance with the Court's Preliminary Approval Order and other Orders relating to this Settlement. The Settlement shall be consummated pursuant to the terms of the Settlement Agreement and this Order, and the Parties are hereby directed to perform those terms.

11.     The Court finds that the Notice Plan, previously approved (as modified) by the Court in its Preliminary Approval Order, has been implemented accurately and fully, and in compliance with the Preliminary Approval Order. The Notice Plan as implemented by the Parties complies with Federal Rule of Civil Procedure 23(c)(2)(B). It constituted the best practicable notice; was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and of their right to exclude themselves or object to the Settlement and to appear at the Final Fairness Hearing; and was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice.

12.     The Notice Plan was extensive and robust. It included direct mail notice to 2,992,937 potential Class members based on data provided by Wells Fargo. Botzet Decl. at 2-4 (ECF 182). The Settlement Administrator has reported to Class Counsel that an additional 29,547 notice packets were mailed to those who requested them. In addition, Wells Fargo provided more than 100 million email notices to current and former Wells Fargo customers in two rounds of email notice, and will send more than 40 million additional notices in a third round by June 22, 2018. Mathews Decl. at 2 (ECF 245-5). Wells Fargo also incorporated notices into more than 67 million statements mailed or made electronically available to Wells Fargo customers. *Id.*

13.     In addition to that robust direct mail and email notice program, the Settlement provided an extensive media and advertising component. *See* Wheatman Decl. (ECF 183). That included printing

5                    ORDER GRANTING FINAL
                                                                                    APPROVAL, APPROVING
                                                                                    SERVICE AWARDS, AND
                                                                                    ATTORNEYS' FEES

a color publication notice in national news outlets and Spanish-language outlets. *Id.* ¶¶ 17-19. "Banner ads" were also placed on websites, using targeted ad campaigns. *Id.* ¶ 23. Supplementing all of these efforts was a media outreach program designed to drive awareness of the Settlement and point Settlement Class Members to the Settlement Website, www.WFSettlement.com, which provided notice, frequently asked questions, and key court documents. *Id.* ¶¶ 28-33. Class Counsel also designed and implemented several social media campaigns to encourage participation in the settlement. *Id.* ¶ 28. In short, the parties and their Court-appointed experts used every reasonable tool to create and implement and wide-ranging program to provide the best notice practicable to potential Settlement Class Members.

14.     The Court finds that the Plan of Allocation is fair, reasonable, and adequate. The Settlement provides for three types of payment: (1) Fee Damages and (2) Credit Impact Damages, both of which together compose "Compensatory Damages"; and (3) and a "residual" payment, which is termed "Non-Compensatory Damages" under the Settlement. The Plan of Allocation provides that Authorized Claimants will be reimbursed from the Net Settlement Amount for Compensatory Damages, and will also be allocated Non-Compensatory Damages. The Plan of Allocation is tailored to the particular facts and circumstances of this case, and includes an innovative approach to tailoring compensation for increased borrowing costs due to credit score impact.

15.     The Court finds that the Plan of Allocation with respect to Non-Compensatory Damages is fair, reasonable, and adequate. The Settlement provides for a reserve totaling $25 million for residual payments to Settlement Class members based on the number of Unauthorized Accounts, Unauthorized Applications, and instances of authorized enrollment in Identity Theft Protection Services for each Class member.

16.     In accordance with the Order on the Parties' Stipulation and Administrative Motion re Settlement Reserve and Schedule (ECF 176), the Court orders that in the event the number of

ORDER GRANTING FINAL
                                                                        APPROVAL, APPROVING
                                                                        SERVICE AWARDS, AND
                                                                        ATTORNEYS' FEES

Unauthorized Accounts identified by Settlement Class Members in the claims process and not disputed by the Settlement Administrator exceeds Plaintiffs' 3.5 million estimate, Wells Fargo will proportionally increase the $25 million reserve so that the ratio of reserve to Unauthorized Accounts is no less than what was implied by Plaintiffs' estimate at the time of Preliminary Approval, such that:

      A.    the Settlement Administrator shall calculate the Excess Ratio by dividing the number of Unauthorized Accounts, as validated by the Settlement Administrator through the Claims process, by 3,500,000; and

      B.    Paragraph 9.9 of the Settlement Agreement shall be deemed modified as follows: wherever "$19,366,000" appears in such Paragraph, it shall be replaced by a product obtained by multiplying $19,366,000 against the Excess Ratio; and wherever "$5,634,000" appears in such Paragraph, it shall be replaced by a product obtained by multiplying $5,634,000 against the Excess Ratio.

17.    Compensatory Damages consists of two components: (1) increased borrowing cost due to credit score impact as a result of a Credit Analysis Account ("Credit Impact Damages"); and (2) unreimbursed fees assessed by Wells Fargo in connection with certain Unauthorized Accounts ("Fee Damages").

18.    The Court finds that the Plan of Allocation with respect to Credit Impact Damages is fair, reasonable, and adequate. The Court has reviewed the Declaration of Edward M. Stockton (ECF 184) and the Exhibits thereto and finds that Edward M. Stockton is qualified to design the Credit Impact Damages model by his specialized knowledge; that, under the model, Credit Impact Damages are based on sufficient data under the circumstances; that the model is the product of reliable principles, reliably applied to the available data; and that the model presents a feasible, reasonable, fair, and objective method for estimating the amount of credit cost injury suffered by the Class. The model compares the

       7       ORDER GRANTING FINAL APPROVAL, APPROVING SERVICE AWARDS, AND ATTORNEYS' FEES

cost of credit that a consumer would incur absent the alleged unauthorized conduct to the cost that the consumer incurred, or is expected to incur, assuming that the alleged unauthorized conduct did occur. The difference is equal to the estimated effect on credit cost from the allegedly unauthorized conduct, and determined through review of literature, other research, and various reliable quantification techniques.

19.     The Court finds that the Plan of Allocation with respect to Fee Damages is fair, reasonable, and adequate. The Plan of Allocation reasonably and fairly accounts for the unavailability of data for the 2002-2008 period by allocating Fee Damages to every account from the 2002-2008 period, but making the per-account payment equal to the average 2009-2017 Fee Damages payment. While Consultant-Identified Persons are not eligible to receive Fee Damages in connection with the account, product, or service identified through the Consultant Analysis as potentially being an Unauthorized Account, any fees assessed by Wells Fargo in connection with such an account, product, or service have been or will be reimbursed through a separate process. Consultant-Identified Persons remain eligible to receive Fee Damages in connection with Unauthorized Accounts that were not identified through the Consultant Analysis. Consultant-Identified Persons are eligible to receive Credit Impact Damages in connection with an Unauthorized Credit Analysis Account, regardless of whether the Unauthorized Credit Analysis Account was identified through the Consultant Analysis.

20.     The Court has reviewed the updated list of opt outs provided by Class Counsel following the Final Approval hearing and attached hereto as Exhibit A and approves that list, including those who filed untimely exclusions, as constituting the complete list of all Persons who have submitted timely requests for exclusion from the Settlement Class.  Within 14 days of the issuance of this Order, Class Counsel shall file under seal the opt out forms or online exclusions submitted by those Persons on the list attached as Exhibit A.

No. 15-cv-02159-VC                              8                    ORDER GRANTING FINAL
                                                                    APPROVAL, APPROVING
                                                                    SERVICE AWARDS, AND
                                                                    ATTORNEYS' FEES

21.     The exclusion request submitted by the Navajo Nation shall be effective as to claims

asserted in the Navajo Nation's own proprietary interests, but does not effectuate an exclusion of

individual members of the Navajo Nation from the Settlement Class nor does it limit any *res judicata*

effect this Judgment has on the claims the Navajo Nation has asserted, or may in the future assert, to

protect the interests of members of the Navajo Nation.  *See California v. Intelligender, LLC,* 771 F.3d

1169, 1181 (9th Cir. 2014) ("[W]hen the government seeks individual relief on behalf of an already

defeated litigant, res judicata usually applies."). Each of these individual Class Members have a due

process right to intelligently and individually choose whether to continue in this lawsuit as Settlement

Class Members, and they are adequately represented in this lawsuit by Class Counsel.  *See Hanlon v.*

*Chrysler Corp.,* 150 F.3d 1011, 1024 (9th Cir. 1998) (class rights cannot be exercised "en masse . . . by

attempting to effect a group-wide exclusion from an existing class.  Indeed, to do so would infringe on

the due process rights of the individual class members, who have the right to intelligently and

individually choose whether to continue in a suit as class members.").

22.     Those individuals who filed both a claim and an exclusion, identified on the list provided

by Class Counsel and attached hereto as Exhibit B, shall not be excluded unless they subsequently

communicate their intent to Class Counsel or the Settlement Administrator to withdraw their claim and

not participate in the Settlement on or before July 7, 2018. Class Counsel or the Settlement

Administrator shall contact these Class Members, to the extent not already done, and inquire of their

intentions in this regard, and shall file a supplemental list of validated opt outs, if any, from the list

attached as Exhibit B, and shall file under seal the opt out forms or online exclusions submitted by those

persons, no later than July 14, 2018.

23.     The Court has carefully considered the objections to the Settlement and class certification

and overrules them.

No. 15-cv-02159-VC                              9                        ORDER GRANTING FINAL
                                                                        APPROVAL, APPROVING
                                                                        SERVICE AWARDS, AND
                                                                        ATTORNEYS' FEES

24.     The Court finds that formal discovery is not a prerequisite to a fair settlement under Rule 23(e), and that Class Counsel had sufficient information to make an informed decision about settlement. The Court also notes that the Settlement accounts for uncertainty about the precise size of the Class by providing an uncapped guarantee of Compensatory Damages, and by proportionally increasing the reserve for Non-Compensatory Damages in the event the number of Unauthorized Accounts identified by Settlement Class Members in the claims process and not disputed by the Settlement Administrator exceeds Plaintiffs' 3.5 million estimate. *See supra* ¶ 17.

25.     The size of the Settlement is within the range of reasonableness allowed by Rule 23(e). There is a significant risk that, absent this Settlement, a class could not be certified. In light of that risk, and others, the Court finds that the Settlement reasonably discounts from the upper limit of feasible recovery.

26.     The Court has evaluated the Credit Impact Damages methodology and overrules objections to it.  The methodology compensates Class members for increased borrowing costs due to credit score impact, and does so in an administratively practical manner.

27.     The Court also rejects the argument that the Settlement is unfair because it requires Wells Fargo to ask the Consumer Reporting Agencies to suppress certain credit inquiries and Delinquency or Derogatory Reports instead of simply directing the Consumer Reporting Agencies to do so. The Consumer Reporting Agencies are not Parties and cannot be directly bound by the Settlement. The Parties do not control the Consumer Reporting Agencies; however, the Court has no reason to believe that the Credit Reporting Agencies have not or will not suppress information as requested by Wells Fargo.

No. 15-cv-02159-VC                                     10                          ORDER GRANTING FINAL
                                                                                            APPROVAL, APPROVING
                                                                                            SERVICE AWARDS, AND
                                                                                            ATTORNEYS' FEES

28.     Differences among state laws do not bar certification of the class here, as Plaintiffs have asserted a claim under a federal statute (the Fair Credit Reporting Act) that is equally applicable in all states.

29.     Because the Court finds that the Notice complied with due process and the requirements of Rule 23, it overrules objections to the Notice.

30.     Pursuant to this Order and Final Judgment, with respect to the Released Parties, Settlement Class Members' Released Claims are hereby dismissed with prejudice and without costs, other than those permitted under the Settlement Agreement or by this Order.

31.     As of the Effective Date, the Class Representatives, and all Settlement Class members who have not been excluded from the Settlement Class, and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have received actual notice of the proposed Settlement or have executed and delivered a Claim Form, shall have conclusively compromised, settled, discharged, and released any and all Released Claims against any Released Party, and shall be bound by the provisions of the Settlement Agreement and this Order. Furthermore, as of the Effective Date, the Class Representatives, and all Settlement Class members shall by operation of the final judgment have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code section 1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable, or equivalent to California Civil Code section 1542.

No. 15-cv-02159-VC                                11                    ORDER GRANTING FINAL
                                                                       APPROVAL, APPROVING
                                                                       SERVICE AWARDS, AND
                                                                       ATTORNEYS' FEES

### Service Awards, Attorneys' Fees, and Expenses

32.     The Court finds that the proposed service awards are fair and reasonable, and now Orders those awards to be paid out of the Settlement Fund to the following Class Representatives pursuant to the Settlement Agreement: to Shahriar Jabbari, $5,000; to Kaylee Heffelfinger, $5,000; to Jose Rodriguez, $5,000; and to Antonette Brooks, $5,000.

33.     The Court awards to Class Counsel attorneys' fees in the amount of $21,300,000, to be paid out of the Settlement Fund pursuant to the parties' agreement, and the terms set forth in this Order. Noting that the Ninth Circuit's "benchmark" for percentage-of-the-recovery awards is 25%, the Court finds that the attorneys' fee award, which is 15% of the Settlement Fund is fair and reasonable under the percentage-of-the-recovery method based upon the following factors: (1) the results obtained by counsel in this case, which not only make the Class whole through guaranteed and uncapped Compensatory Damages, but also guarantee Non-Compensatory Damages; (2) the considerable risk at the outset of this case that Class Counsel would receive nothing, given the presence of an arbitration agreement and attendant challenges that they would face in securing and maintaining Class Certification; (3) the substantial non-monetary benefits for the Class, which include requests to suppress Unauthorized Accounts on consumer reports, scrub unauthorized deposit accounts from Early Warning Services reports, and entitle Class members to a review of their credit history for Unauthorized Accounts or credit inquiries; (4) the range of awards made in similar cases, which are often well above the 15% fee requested here; and (5) the considerable financial burdens that Class Counsel shouldered on a contingent basis. These factors justify the requested award, which falls well below the Ninth Circuit's 25% percent benchmark.

34.     The Court also awards to Class Counsel $515,549.74 as reimbursement of expenses. Counsel have adequately documented these expenses, all of which are compensable litigation expenses that were advanced for the benefit of the Class.

35.     Ten percent of Class Counsel's awarded attorneys' fees shall remain in the Settlement Fund until after Class Counsel files a Notice of Completion of Duties and the Court authorizes the release to Class Counsel of the attorneys' fees remaining in the Settlement Fund. Class Counsel shall file the Notice of Completion of Duties only after substantially all of the Settlement Fund has been distributed to the Class and administration of the Settlement is substantially complete. The Notice of Completion of Duties shall generally describe the results of the Settlement administration process, including the total cost of administration, noting the portions of these costs paid by Wells Fargo.

36.     The Court has carefully considered objections to Class Counsel's motion for attorneys' fees and costs, and overrules them. The *ex ante* risk that Class Counsel assumed by filing this case was considerable, and the Settlement provides substantial and innovative relief to the Class, including expert-designed compensation for increased borrowing costs due to credit score impact. Empirical research indicates that for a recovery in the range of $142 million, a fee of 15% is slightly lower than the median and average. Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. Empirical Legal Stud. 811, 839 tbl.11 (2010); Theodore Eisenberg & Geoffrey P. Miller, *Attorney Fees and Expenses in Class Action Settlements: 1993–2008*, 7 J. Empirical Legal Stud. 248, 265 tbl.7 (2010). The Court also deems it reasonable to account for the full $142 million Settlement Fund in setting a fee, rather than excluding administrative costs. No objector challenges those administrative costs as excessive, and the costs were expended for the common benefit of the Class.

No. 15-cv-02159-VC                                    13                              ORDER GRANTING FINAL
                                                                                     APPROVAL, APPROVING
                                                                                     SERVICE AWARDS, AND
                                                                                     ATTORNEYS' FEES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Appeal Bonds

37.     Class action objectors can play an important role in class action settlements.  However, the Court is aware that the objection process can be abused by objectors and their counsel who lodge meritless objections for the sole purpose of delaying the implementation of a settlement through appeals in order to be paid fees.

38.     This Court has held that factors such as the following should be taken into account in determining whether to require an appeal bond: (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; (3) the merits of the appeal; and (4) whether the appellant has shown bad faith or vexatious conduct. *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008).

39.     Under *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950, 960 (9th Cir. 2007), an appeal bond can include taxable costs and administrative costs incurred during the delay of settlement.

40.     Relevant to the third and fourth factors are whether an objection is wholly without merit or the objector or the objector's counsel has a history of making groundless or bad-faith objections. Such a history makes an appellant less likely to pay costs, and tends to show that an appeal would have little merit. Professor Robert H. Klonoff, an expert in class action litigation, identifies certain objectors and/or their counsel as serial objectors. *See* Supplemental Decl. of Prof. Robert H. Klonoff Relating to Class Settlement Approval, Attorneys' Fees, Costs, and Incentive Payments ¶ 13 & n.11.

41.     In the event notices of appeal are filed, the Court will evaluate the above factors when deciding whether a bond is appropriate, and if so, in what amount, based on further briefing.

ORDER GRANTING FINAL
APPROVAL, APPROVING
SERVICE AWARDS, AND
ATTORNEYS' FEES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

42.     Without affecting the finality of this Judgment, the Court reserves jurisdiction over the

Class Representatives, the Settlement Class, and Defendants as to all matters concerning the

administration, consummation, and enforcement of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: _June 14_____, 2018

_____
VINCE CHHABRIA
United States District Judge

ORDER GRANTING FINAL
APPROVAL, APPROVING
SERVICE AWARDS, AND
ATTORNEYS' FEES

# EXHIBIT A

*Jabbari, et al. v. Wells Fargo & Co., et al.*
## No. 15-cv-2159
### Exclusions

1.  ROBERT DANIEL DESPREZ
2.  THERESE A KRAEMER
3.  MARIA B DIAZ
4.  ALEXANDER R MACKENZIE
5.  DARYL & JOANNE SINGER
6.  DAVID A SINGER
7.  DR. TONI J LUCERO
8.  KIM JOHN OVERBECK
9.  COLEMAN R FERGUSON
10. WILLIS JOHNSON
11. BRENT LETT
12. JENNIFER CONNORS
13. SAMSON WILLIAMS
14. GEORGE WEISS
15. ROBERTO RIZZI
16. BARBARA A HANSELL
17. JUAN FRANCISCO MORENO
    CASTILLO
18. TODD RAY
19. ILENE M SANDS
20. JANEICE MOORE
21. VIRGINIA P MORALES
22. ERIN R KOLP
23. CYNTHIA RAYE RISPAUD
24. AARON BELL
25. THURMAN L LONG
26. FRED WILD
27. BEN BALLANCE
28. CHERESH CASINELLI
29. BEVERLY A BEDELL
30. ORODINA DORESTE
31. BACH DAM
32. LORRAINE M BETANCOURT
33. HARRY E DYE
34. ISAAC ASHKERAZIC
35. ESTATE OF MARION YOUNG
36. SAMUEL GRECO
37. THOMAS WESSEL
38. KEITH G LEE
39. LAURIE ASTERN
40. LUIS CORVERA
41. CHRISTINE FULLER
42. SONGKRAN CHIMKIT
43. PAMELA BURNETT
44. MARIA T RHODES
45. KENNETH M BUCK

46. ZACHARY CHRISTENSEN
47. ENG JU ONG
48. SHEILA A ENGSTAD
49. PHERLAWNNA LESLIE
50. ANTHONY CATO
51. JOSEPH W STEELE
52. APRIL THOMAS
53. PATRICIA RIVAS
54. KIM WESTON
55. REGINA WHITE
56. ARMANDO AYALA
57. SHAIMONT JORDAN
58. JENNIFER K ZELENY
59. TRACY KILGORE
60. KAY M MITCHELL
61. LAWRENCE J MITCHELL
62. BARBARA SHADOAN
63. ANDREW GORAYEB
64. MATTHEW GRAGG
65. MARIA C CISNEROS
66. WILLETTE KING
67. GEORGE C SCHENCK
68. GWEN BESTEN
69. ERIC TALASKA
70. MATTHEW BISHOP
71. ADRIENNE THOMPSON
72. CONSTANT W OUEDRAOGO
73. ANI KHONDKARYAN
74. JEFFERY TAYLOR
75. MAGNET MASTERS LLC
76. GEORGE RUSSELL
77. MARGARET L WATSON
78. ANA G GARCIA
79. JANELL
80. JAMES HARGROVE
81. LAURA K WISHARD
82. DAVID SELF
83. RUNE KRAFT
84. RUNE KRAFT - PACIFIC
    EQUIPMENT MANAGEMENT
    COMPANY
85. RUNE KRAFT -
    SERVICEPARTNER
86. RUNE KRAFT - ARTESIA
87. RUNE KRAFT - THE 24 7 GROUP
    OF COMPANIES

*Jabbari, et al. v. Wells Fargo & Co., et al.*
## No. 15-cv-2159
### Exclusions

| | | | |
|---|---|---|---|
| 88. | MARIA POWELL | 132. | DEBRA DEPAOLI |
| 89. | JERMAINE DAVIS | 133. | CELIA ACEVEDO |
| 90. | GLEN GILLESHAMMER | 134. | TIFFANI LEE |
| 91. | RENEE PAGE | 135. | KATHERINE PETERSON |
| 92. | GLORIA PLEDGER | 136. | SHEILA MICHEL |
| 93. | ANDROMEDA NICOLAI | 137. | BRETT ANDREWS |
| 94. | GLENN I WELCH III | 138. | MICHAEL JOHNSTON |
| 95. | JOHN P. LESTER | 139. | BETH JOHNSTON |
| 96. | JOHN P. LESTER - STAFFING DYNAMICS INTERNATIONAL LLC | 140. | MARY BENSON |
| 97. | DALLAS BEAVER | 141. | MARY BENSON |
| 98. | MARLO MOBLEY | 142. | DENISE GRICE |
| 99. | PORTIA PITTMAN | 143. | AMY PERRY |
| 100. | ABEL VELA | 144. | DEBRA COX |
| 101. | MICHAEL KEANE | 145. | MATTHEW D BARZMAN |
| 102. | RAY A PRICE | 146. | EDWIN GUARDIA |
| 103. | CURTIS MCCRAY | 147. | AMERICAN SEAFOOD CO INC |
| 104. | JEFFERY ALLAN BALL | 148. | COREY L. ROBERSON |
| 105. | MARIE WARE | 149. | MELISSA GRANT |
| 106. | JIMMIE B RODRIGUEZ | 150. | PATRICK VENTANILLA |
| 107. | PAUL LAPKASS | 151. | CAMERON P CASEY |
| 108. | MIGUEL A CUEVA | 152. | LAUREN C HEIMLICH |
| 109. | HEATHER KNIGHT | 153. | MACHE R SAMUELS |
| 110. | STEPHEN MILLER | 154. | DEIDRE GASTON |
| 111. | DAVINA LEA GREYEYES | 155. | CHERYL L. BROCKSMITH |
| 112. | NORMA S VAZQUEZ FLORES | 156. | PAMELA MARTIN |
| 113. | RACHAEL SIMMONS | 157. | CARISSA NETHERCUTT |
| 114. | DAVID RAY EWING JR | 158. | NEDELKA MARTINSEN |
| 115. | LOVELL BURTON | 159. | JOHN S SHACKELFORD |
| 116. | CARINA L RHEA | 160. | MELINDA BAVILLA |
| 117. | TRACY L SIMMONS | 161. | JEREMY BLACKWELL |
| 118. | IRENE E GARCIA | 162. | JAYSON PETTIFORD |
| 119. | JENNIFER M SCOLA | 163. | TERY ANN OCHOA |
| 120. | CHRISTOPHER WILLIS | 164. | RAPHAEL B. EMANUEL |
| 121. | BRENT MILLER | 165. | WANDA WASHINGTON |
| 122. | ARMANDO AYALA | 166. | JORGE A VARGASRIOS |
| 123. | EDGAR MARQUEZ | 167. | HECTOR MOLINA |
| 124. | TIFFANY ROBINSON | 168. | MIA JAMES |
| 125. | YULONDA GEORGE | 169. | LAJUANDA GALLOWAY |
| 126. | REGINALD LIGHTFOOT | 170. | DELISA M. JACKSON |
| 127. | LACIE CHANCE | 171. | LACEY KNOX |
| 128. | RYAN CUENCA | 172. | CHRISTINA AMARO |
| 129. | ANTHONY BISSERUP | 173. | CHRISTINA AMARO – AS BUSINESS |
| 130. | RUZANNA GALFAIAN | 174. | KARL GREENEWOOD |
| 131. | ALEXANDER GOMEZ | 175. | SCOTT WESTIN |
| | | 176. | ILCE SANCHEZ - RIVERA |

*Jabbari, et al. v. Wells Fargo & Co., et al.*
## No. 15-cv-2159
### Exclusions

| | |
|---|---|
| 177. MONICA HELSEL | 223. LILA BEARD |
| 178. PATRICIA A. HUTCHINS | 224. LOGAN QUINN |
| 179. BELEN FERNANDEZ BESSONE | 225. LOIS J SCHUPP |
| 180. RACHEL SHACKELFORD | 226. MARY SWEENEY/BERNARD |
| 181. DAVID SHACKELFORD | 227. MICHAEL CAMARILLO |
| 182. CAROLYN SHACKELFORD | 228. MICHELLE A ROSE |
| 183. RAY SHACKELFORD | 229. PATRICIA J MANCINELLI |
| 184. MARY E DEAL | 230. RICARDO A. LAREMONT |
| 185. CARL GRUELUND | 231. SHIRLEY TORKELSON |
| 186. CAROLINE GRUELUND | 232. JUSTIN NOEL |
| 187. KARL G KAPP | 233. MICHAEL T SHEPPARD |
| 188. NAVAJO NATION | 234. ANTHONY J. GALEAZZO |
| 189. EMILY M CLAYTON | 235. JERRY AND YUKO HAHN |
| 190. COLLEEN M OLSON | 236. BRADFORD S COLLINS |
| 191. LISA BILKO | 237. KAREN L. LEE |
| 192. ROBERT OLSON | 238. PHYLLIS COSLETT |
| 193. WILLIE FLORENCE SR | 239. MERRILL GILLETTE |
| 194. HELEN VAIL | 240. JACK-LEHI M BRYCE |
| 195. DENISE M PILNAK | 241. ALISA DARNABY |
| 196. DONALD BLACK | 242. FRANK GABRIAN |
| 197. GEORGINA VALDEZ | 243. MICHAEL ALLUMS |
| 198. M KATHLEEN SMITH | 244. BARBARA J STEFFEN |
| 199. KEVIN PICKARD | 245. BRIAN E SMITH |
| 200. BRIXIE MARTINEZ | 246. CHRISTIAN MCCARTHY |
| 201. MARVIN SAWYER | 247. STEPHEN BOGGS JR |
| 202. ADNAN HOSSAIN | 248. ALAN MAUNEY |
| 203. FRAN JOHNSON | 249. MARY LYNN CROSBY |
| 204. LENORA M. KNUTH | 250. FRANCIS X DWYER |
| 205. MARY K DAGOVITZ | 251. DAVID C ARMSTRONG |
| 206. JOHN MORRISON | 252. DAVID CAVANAH |
| 207. WAYNE TAYLOR | 253. JANICE M MCSHERRY |
| 208. ALLENE J. CRANSTON | 254. JOHN L RENDALL III |
| 209. RUTH G. SMITH | 255. LOIS ANNE INDORF |
| 210. YOUN HWA YOON | 256. ELOUISE S OLSON |
| 211. KRISTINE J RILEY | 257. ROGER G HINKLE |
| 212. BENNIE E SMITH, JR. | 258. KATHLEEN C CIOFFI |
| 213. BRYAN S CREGGER | 259. STEVEN M COLLOTON |
| 214. DANIELLE VAN LENTE | 260. ARNOLD L KWIKKEL |
| 215. DARLENE BUDZIAK | 261. EMILY DELGADO |
| 216. EDWARD K RICHTER | 262. EMILY DELGADO |
| 217. ERIC SHARPLESS | 263. ROGER M SALAME |
| 218. FRED PRINDLE | 264. CARRIE J CASTILLO |
| 219. FREDERICK E MASON | 265. GEORGE F & MARSHA I BOEHM |
| 220. JARED W. CALLIS | 266. KENNETH C. SOMMERFIELD |
| 221. JOHN ROBERT MCCULLOUGH | 267. ROBERT L. BRUECK |
| 222. JOSEPH P SOLEBELLO | 268. RICHARD FENSKE |

*Jabbari, et al. v. Wells Fargo & Co., et al.*
## No. 15-cv-2159
### Exclusions

| | | | |
|---|---|---|---|
| 269. | BRANDON BLANKENSHIP | 315. | JACOB UNGUREN |
| 270. | KELVIN BRYANT JR | 316. | JARED HAMANN |
| 271. | FRANK LALONE | 317. | BRIGITTE D COMANDANTE |
| 272. | ROBERT AND MARIAN HAYES | 318. | CHRISTINA GOH |
| 273. | SHOMARI J HOHN | 319. | JONATHAN STEIN |
| 274. | BARBARA CHASSEE | 320. | ARTHUR DALE THOMAS |
| 275. | DONIELLE | 321. | COLLEEN A HENNINGS |
| 276. | MARTHA E TOZER | 322. | ALLEN R AND JANET SHIELDS |
| 277. | DAISY GONZALEZ | 323. | HARISH K VELAMALA |
| 278. | KEITH AND HAZEL HENRICK | 324. | RAJESWARI MARADANA |
| 279. | GREGORY F RENFROE | 325. | SUSAN RAMOS |
| 280. | TIFFANY IKEDA | 326. | BELKIS AURORA CONTRERAS |
| 281. | ACQUINETTA BEATTY | | CONTRERAS |
| 282. | JAMES SHIPP | 327. | JILL L SEEGER |
| 283. | CYANNE D NIFONG | 328. | C CALLOWAY |
| 284. | MAUREEN FITZGERALD | 329. | WAYNE MAISCH |
| 285. | CAROL HAZLEWOOD | 330. | MARCUS SMITH |
| 286. | ROY C LANE | 331. | ANDREW HILDRED ROBERTS |
| 287. | CHRISTINA LEE ADKINS | 332. | DAVID WATTS |
| 288. | ELIZABETH ANN WHISENAND | 333. | LENORE N GUTHRIE |
| 289. | LING-YIN SHIH | 334. | BURTON OZMENT |
| 290. | PAULA D WRIGHT-LAMAR | 335. | ROBERTO BUENFIL RICALDE |
| 291. | MARK BRUNTY | 336. | JIDESH VEERAMACHANENI |
| 292. | OSCAR | 337. | EDWARD MIHALEK |
| 293. | MATT AND JOY MALINOWSKI | 338. | JOE SCHRENGOHST |
| 294. | DAVID KING | 339. | HOWARD GLEICHER |
| 295. | ROSA J GRAVES | 340. | DAMON C. CHEN |
| 296. | YOLANDE ESSANGUI | 341. | ANTHONY BARRETT |
| 297. | EMIL H MYERS JR | 342. | MICHAEL MUCKLOW |
| 298. | DAVID OR AMY STILLMAN | 343. | WANDA J BURNETT |
| 299. | TAMERA SCHEIBE | 344. | JOSEPH BURNETT |
| 300. | KELLY ABNER | 345. | GLENDA BUTTERFIELD |
| 301. | CAROLINA GARAY-ROSARIO | 346. | SARALYN COHEN |
| 302. | ALFREDIA CONNER | 347. | JAMES L. PROCTOR |
| 303. | JEAN ANN LYNCH | 348. | VIRGINIA RODRIGUEZ |
| 304. | MARIA ARZATE | 349. | RHANDA TODD |
| 305. | JESSICA RUPE | 350. | KAREN I BOTEL |
| 306. | PATRICIA A BRUECK | 351. | STEVE WINANS |
| 307. | MARCO ANTONIO BORJA PEREZ | 352. | PAULA FREDERICK |
| 308. | JOSEPH K. WASHBURN | 353. | ANDREA ZIMMER |
| 309. | BOYD MONTGOMERY | 354. | GIOVANNI MONTOYA |
| 310. | ODNE METTRA | 355. | JEAN OWONO |
| 311. | DAVID GARRY NEWMAN | 356. | SHIH-TING LIN |
| 312. | ISABEL QUILANTAN | 357. | ADAM PARROTT-SHEFFER |
| 313. | KEVIN VAN TRAN | 358. | ZACHARY BOLT |
| 314. | NATHAN NIXON | 359. | ROBERT KIRKPATRICK |

*Jabbari, et al. v. Wells Fargo & Co., et al.*
No. 15-cv-2159
**Exclusions**

| | |
|---|---|
| 360. JERRY HARMAN | 405. MICHAEL SIMISON – CORRIDOR HEALTH CARE |
| 361. RICARDO ESPINOZA | 406. DEVITA DOVER |
| 362. JICKSEN K JOY | 407. SHAWN MILLER |
| 363. JOSEPH M SCARBOROUGH | 408. CODY GRIFFIN |
| 364. RICKY HAWKINS | 409. RAYMOND MELVIN HALFON |
| 365. LINN S SHAW | 410. SHARI LAND |
| 366. TRACEY FREBERTSHAUSER | 411. VANESSA STELLA |
| 367. KALEB HANNEN | 412. ARNOLDO RIVERA |
| 368. KINAH HIBBLER | 413. CLAUDIA SANDOVAL |
| 369. KALEENA LEE | 414. DHANESH PERSAUD |
| 370. KATHLEEN E WOLFE | 415. LALITA JARMOND |
| 371. SANDRA SALDANA | 416. TONY GARDNER |
| 372. LORENA VALENCIA | 417. RYAN BURCH |
| 373. LESLIE KNOX | 418. NATASHA JOSEPH |
| 374. EDITE FREITAS | 419. LATONYA YATES |
| 375. ANN HAGER | 420. MARVIN IBANEZ |
| 376. ROSILAND TOSCANO | 421. JULIAN LOWELL CULBREATH |
| 377. TANIA AVAKIAN | 422. DIANNA SMITH |
| 378. MARCIA K GUNHUS | 423. JOSEPH CHARLES ADLER |
| 379. COREY MICHAEL DAVIS | 424. STEVE LAWRENCE |
| 380. TANESHA L MURPHY | 425. TAMARAE M HOLLMAN |
| 381. RYAN WRIGHT | 426. THERESA MOORE KEELS |
| 382. HOLLY GREEN | 427. VILDAN PIRINCCI |
| 383. CARLA M IRIZARRY | 428. LAQUIETTA BRYANT |
| 384. ANGELITA MONTEZ | 429. ALISON LAWRENCE |
| 385. MARCELL AARON JR | 430. ROMANIE PIERRE |
| 386. KATHY KETCHUM | 431. JUANA WILSON |
| 387. MATTHEW PAUL GOURD | 432. KAREN VERGARA |
| 388. NUWAN DEWATHAGE | 433. ARTHUR F AHR |
| 389. CRYSTRAL SINCLAIR | 434. RAKESHA REED |
| 390. RANDELL ZIRKLE | 435. MICHAEL J CARRILLO |
| 391. CRYSTAL MINCEY | 436. SHANA BURBANK |
| 392. JUDITH M WALL | 437. LATOYA LEWIS |
| 393. JORGE CERVANTES | 438. TRYSTA CARLSEN (JOHNSON) |
| 394. WENDELL JOHNSON | 439. GILBERT SAUCEDO |
| 395. DANYELL JOHNSON | 440. JOSE A SANTIAGO VELEZ |
| 396. SUMAN M PRADHAN | 441. GLEN LA RAVIA |
| 397. ROBERT D MCMILLAN | 442. AMY EUDALEY |
| 398. DARLENE BURTON | 443. SHAKE SABBRI |
| 399. JOHN J DYER | 444. PRAKASH PATEL |
| 400. PHILIP CARRELL | 445. CHERYL WARREN |
| 401. WILLIAM BRIAN CROGHAN | 446. PHILIP PENNELL |
| 402. LAWRENCE W DUNN | 447. BLANCA N CASTILLO |
| 403. DONNA WARDLOW BROWN | 448. RENA JO KNOLL |
| 404. MICHAEL SIMISON | 449. IOANNIS BOSKOS |

*Jabbari, et al. v. Wells Fargo & Co., et al.*
### No. 15-cv-2159
### Exclusions

| | | | |
|---|---|---|---|
| 450. | MARLENE MILFORD | 496. | LINDA LARA |
| 451. | THELMA NEILA ALVARADO | 497. | JOSEPH AYALA |
| 452. | CHANDRIKA BERRY | 498. | JOSEPH DINGLE |
| 453. | KAO HER | 499. | KERLANDE ABOITE |
| 454. | KENDRA NGUYEN | 500. | CLAUDIA CASTRO-GONZALEZ |
| 455. | ROYCE OR MAMIE COLEMAN | 501. | VICTORIA HOLGUIN |
| 456. | CHRISTINA | 502. | MONICA SOLIS |
| 457. | CHARMAINE BLANCHARD | 503. | JARRED ROBINSON |
| 458. | RACHEL FLORES | 504. | JASON JACKSON |
| 459. | LAWRENCE E. TAYLOR JR | 505. | EUGENE J DUPREE |
| 460. | BRIJETTE KENNARD | 506. | NIKKI STRICKLAND |
| 461. | ALBERTO T VALDES | 507. | TIFFANY TOBE |
| 462. | CECILIA E MONTANEZ | 508. | LIDIYA SILVER |
| 463. | FLETCHER BURTON | 509. | DARRELL YOUNG |
| 464. | PHILIP GARDINER DE BACK | 510. | DARA FENNER |
| 465. | STEVEN DOROFF | 511. | TEKEILA WARFIELD |
| 466. | ESTHER LOERA | 512. | LILY KOMLAN |
| 467. | ERNESTO OSBALDO BAZUA | 513. | LEON OTTEN |
| 468. | LINDA THOMAS | 514. | REYES A. ORDAZ |
| 469. | SHONDA L. MILLER | 515. | KISSIE HAWKINS |
| 470. | TYRONE TOTTEN | 516. | DORA JONES |
| 471. | CHRISTOPHER LOCALLO | 517. | STEVEN VINCENT ADDISON JR. |
| 472. | GLEN KILMNICK | 518. | MASIE A NEWSOME |
| 473. | JOHN ROSS | 519. | DAVID |
| 474. | ANDREW J WILLIAMS | 520. | MERCEDES MEDINA |
| 475. | JALINE R MCMILLAN | 521. | AMANDA RAKESTRAW |
| 476. | ADAM WEHR | 522. | AUJANEIK MOSS |
| 477. | WILLIAM H. SERRANO | 523. | JUAN C HENRIQUEZ |
| 478. | MICHAEL D WILLIAMS | 524. | MARIA LINO |
| 479. | RANDY KIM | 525. | KEVIN PURDIMAN |
| 480. | NANCY ANN ZECCA | 526. | BERNADETTE BREAUX |
| 481. | SANDRA BAUTISTA | 527. | CARLETON GOODLOE |
| 482. | CHARLES ABABIO | 528. | ZIAMARA |
| 483. | STEVEN JOHNSON | 529. | DAYNA MENZIES |
| 484. | COLETTE DAUGHTRY | 530. | CLAUDIA TELLEZ |
| 485. | LIANE BARBER | 531. | ROBERT OUEINI |
| 486. | GRANDON PARKS | 532. | AFTAB AHMED |
| 487. | VICTORIA ANDERSON | 533. | KAREN LOVINGS |
| 488. | KAILA GREEN | 534. | AKEITHA MOZELL |
| 489. | NEVILLE C GEORGE JR | 535. | CYNTHIA HILL |
| 490. | SHELAYNE SAVAGE | 536. | CHRISTOPHER ALLARD |
| 491. | NORMA MENDOZA BARRIENTOS | 537. | SHARON G DAVIS |
| 492. | GARY BILYEU | 538. | YONELIS CUEVAS LORENZO |
| 493. | TYWAIN DECARLOS PETERS | 539. | CAMDEN WHEELER |
| 494. | CYNTHIA L HIGGINBOTHAM | 540. | SHANTEL PALMER |
| 495. | OTORIA FOWLKES | 541. | AARON VARKPEH |

*Jabbari, et al. v. Wells Fargo & Co., et al.*
## No. 15-cv-2159
### Exclusions

542. RICARDO HERNANDEZ
543. NAKEYA J. LANCASTER
544. PEARL M STAUDINGER
545. JESSICA
546. MELODY STITH
547. LEIGH MYER
548. DONALD HENNINGTON
549. TANISHA WASHINGTON
550. CASSANDRA MOORE
551. ADAM R. HASS
552. MANUEL VILLANUEVE
553. ALICIA CERF
554. MARTHA GONZALEZ –
     SANFORD METAL PROCESSING
555. DEMETRIS FRAZIER
556. ABDIKARIM ISSE
557. STENNETTIA STEWART
558. THOMAS MALCOLM
559. DAVID WALKER
560. LIZBETH MONTANEZ
561. JACKIE MARENO
562. DEREK MAXWELL
563. RICHARD OLSEN
564. FRANCISCO KALAW JR
565. RAMIRO MARTIN DEL CAMPO
566. ASHLEY ALVAREZ
567. BOBBY MADDOX
568. YSMAEL ARIAS
569. TRACY FELDER
570. SHAKEA L HAMMOND
571. ROBYN HUNTER
572. IDELIA BROWN
573. NIDIA E. M. ARAIZA
574. KEITH SMITH
575. KEVIN P HADLEY
576. LEONARD WILLIAM GRAHAME
577. RAYNAL RODGERS
578. JANE LINK
579. JIMMY COPPEDGE
580. JOSE CRUZ
581. DEBBIE MCPHERSON
582. THASA LIGHTY
583. DANIEL SOLACHE
584. ROBERT DELLA VALLE
585. SHADIRAH
586. LINA SMITH

587. DONALD L WALKER SR.
588. TOWANA WILLIAMS-KERNAN
589. ADLINE PIERRE
590. FRANCOISE PIERRE
591. ADILUS PIERRE
592. SHERRIE JONES
593. AIRAMUS DAVENPORT
594. JOHN GILLIAM
595. SANDRA MARTINEZ
596. SARA ECKL
597. ANGIE SANDOVAL
598. RAJAN'EE WILLIAMS
599. GIAO Q LE
600. GRACIELA SOSA
601. TANISHA HALL
602. DEBRA GIAMBUZZI
603. BARBARA TIMMEL
604. JOHNATHAN HOGAN
605. THERESA SHORTINO
606. LUIS LORENZO SALAZAR JR
607. VANESSA SMITH
608. ZADITH HAMANN
609. ALAN ENG
610. LISA LEVINE
611. NANINE FOSTER
612. KRISTY SMITH
613. JANET CORNELL
614. LAURAL D HECHT
615. JOSE CASILLAS GARCIA
616. KEVIN WILLIAMS
617. EMERSON ESPIRITU
618. DARYL JOHNSON
619. VICTORIA O JOHNSON
620. TONY SWEET
621. JOSEPH COLE
622. TYRINA BARR
623. KIWAN HAYNES
624. ASHLEY SPENCER
625. TREAVOR BISBY
626. SAUL RICO
627. NORMA HERNANDEZ
628. BERNARDO HERNANDEZ
629. JEFFREY A BAGLIO
630. JOSEPH FLORO
631. TASHA BERNOUDY
632. MAI HANG

*Jabbari, et al. v. Wells Fargo & Co., et al.*
No. 15-cv-2159
Exclusions

633. SHERRY HURST
634. LISA HALL
635. REBECCA SALINAS
636. IVAN ALEXI DOMINGUEZ HERNANDEZ
637. MICHELE PATRICK
638. GINA COOPER
639. CHRISTINA UNRINE
640. DELTA L PATTERSON
641. NANCY JOAQUIN
642. RON WAGNER
643. DAVID JOHNSON
644. MICHAEL BRADEN
645. TERESA ALFARO
646. KENDRA WRIGHT
647. JESSICA HERNANDEZ
648. LANIESHA SMITH
649. BENJAMIN CROSLAND
650. KRISTIE COOK
651. NICHOLAS SCHREIFELS
652. YU KAMAKARI
653. LEONARD BRUCE MAY
654. LASHONDA THOMAS
655. DASHAWN TALMADGE
656. KRISTIN PELLEGRINO
657. DYLAN SAYERS
658. MOHAMED SOGBEH
659. MICHAEL MESA
660. BEAULAH ALEXANDER
661. ROLANDA MADOJEMU
662. EVELYN ORTEGA
663. MYRA M ZAVALA
664. ALMA AGUIRRE
665. HELEN GUILLORY
666. KIMBERLY CASTRO
667. DEAJA DERRICK
668. SANAA HABASHI
669. TRINITY VANNOSTRAND
670. ALEX NUSBAUM
671. MARTA OROZCO
672. DESHONTRE T LASTER
673. PETER TOBIN
674. KIM NAJERA
675. MASHETTA WILLIAMS
676. YIDA X MORA SILVA
677. CHRISTINA KING
678. RUBY GRAY
679. ANITA PAGANO
680. ANETTA & RICHARD (DECD) GOOD
681. ROSHANDA MANGUM
682. LEANDRO J CANDELARIA
683. MARLETTA SMITH
684. MINDY BENHAMOU
685. BRUCE A EVANS
686. HONGJIN HA
687. BEFNARD PIERRE
688. JENNIFER GUTIERREZ
689. ANTONIO VELAZQUEZ
690. LAUREN ALSTON
691. MISLAINE BOSSE
692. MAZEN ALRAHILI
693. ROBERT C ERICKSON
694. SHANIKA CHERRY
695. DEWEY JOHNSON
696. ROBERTO MENDOZA PADILLA
697. VELMA
698. YAHAIRA ANGULO
699. JONATHAN EJERCITO
700. BRITTNEY BURNLEY
701. EUNICE COVARRUBIAS
702. DENA HARMON
703. GLORIA MUDGE
704. ADAM HANCOCK
705. YUMI CROWDER
706. SOLON ESCOBAR
707. MARK MCINTOSH
708. RAQUEL WATKINS
709. KHONDAKER ASHRAF
710. MITCHELL UPCHURCH
711. CANDIS CHAMBERS
712. ALBERTO
713. OSCAR CARCAMO
714. MARIA G TRIGUEROS
715. KENDRA MARTIN
716. TANSY SMITH
717. BERTHA
718. JOSUE TREJO NAVARRETE
719. JOSHUA HUBERT
720. BONG GRIMES
721. SHCHEKLEINA OLGA LEONIDOVNA

8

*Jabbari, et al. v. Wells Fargo & Co., et al.*
**No. 15-cv-2159**
**Exclusions**

| | | | |
|---|---|---|---|
| 722. | MICHELL ARGO | 766. | JOEY ZSAZSA |
| 723. | NOAH EVERETT | 767. | ANTHONY MIMS II TYRONE |
| 724. | MELODY FLOYD | 768. | TYKERA BEAUFORD |
| 725. | CHRIS MORGILLO | 769. | SHARON |
| 726. | MARK BRUNTY | 770. | MICHAEL F LISTERMANN |
| 727. | DARRIS J ROLLINS | 771. | LADESHA SMITH |
| 728. | TRACI CRADLE | 772. | CARLOS SOMANJI |
| 729. | SALMARIA SCOTT | 773. | TROY WILLIAMS |
| 730. | RENE C NORTH | 774. | SHANIKA NELSON |
| 731. | JOYCE DIGGES | 775. | SANTOS DIAZ |
| 732. | LEYONA NEAL | 776. | KALOLO LUAMANUVAE |
| 733. | DMITRY ROMENSKY | 777. | GARGI MERCHANT |
| 734. | MIGDALIA RUENES | 778. | KIONA SMILEY |
| 735. | VALERIE KIRKLAND | 779. | TIMOTHY GALLOWAY |
| 736. | JULIA O'DOWD | 780. | CHRISTINA MUNOZ |
| 737. | KRISTINA WAGNER | 781. | TABNIKA MCGEE |
| 738. | AMANDA CURRY | 782. | ALEJANDRO GALEANA |
| 739. | CHAMPALE BROWN | 783. | CAROL B. COLE |
| 740. | ROBERT CHARLES HEADLEY | 784. | MARITZA MEJIA |
| 741. | LESLIE DUNBAR | 785. | JOEL VANZANT |
| 742. | JENNIFER YACKEL | 786. | GARY W WILLIS |
| 743. | EUNICE DESHIELDS | 787. | CHRISTOPHER MURPHY |
| 744. | OLGA MOLME | 788. | PACO GONZALES |
| 745. | SHAGHAYEGH VAHIDRAMEZANI | 789. | BRUCE JORDAN |
| 746. | SEYED HAMIDREZA SADATSHOBEIRI | 790. | CHRISTOPHER MURPHY |
| 747. | CHRISTOPHER B ALLEY | 791. | JULIE ASHLEY |
| 748. | DARREIN EDWARDS | 792. | DEBBIE GILES |
| 749. | THERESA BLESI | 793. | R VALERIE OSBORN |
| 750. | JULYANA LOPEZ | 794. | DONNA LARKIN |
| 751. | INEZ D ARDOIN | 795. | JAMES UTSEY |
| 752. | MARY HOUSTON-BOONE | 796. | DEBRA L. CIANCI |
| 753. | ALMAST GRIGORYAN | 797. | EGIDIO MEDEIROS |
| 754. | LENA DANIELS | 798. | SAADA THOMAS |
| 755. | MARGARITA MELENA | 799. | KIMBERLEE KJAR |
| 756. | ALBERTO CERRANO ALVAREZ | 800. | KARYNTHIA MACK |
| 757. | JEANINE LIBERATO | 801. | REGINA WILLIAMS |
| 758. | JIYOUNG CHOI | 802. | JERRY T LOWE |
| 759. | JOSHUA GRAY | 803. | TINA WALLACE |
| 760. | LINDA HENLEY | 804. | VU HOANG |
| 761. | JERRIOT GLENCAMP | 805. | NADIA BEAULIEU |
| 762. | LAKOYA MCCALLISTER | 806. | JOSE |
| 763. | CHRISTOPHER ALLEN TOBIAS | 807. | CARLTON TERRY |
| 764. | JOHN RONALD CONOVER | 808. | PARIS |
| 765. | NICHOLAS BRILEY | 809. | ALEXIS |
| | | 810. | KENNETH MITCHELL |
| | | 811. | TAMYRA WARE |

*Jabbari, et al. v. Wells Fargo & Co., et al.*
## No. 15-cv-2159
## Exclusions

| | |
|---|---|
| 812. CECILE RODRIGUEZ | 857. FRANKIE TAYLOR |
| 813. GABRIELLE HOWARD | 858. LAKESHA COLEMAN |
| 814. GREGORY JOHN YEAKEL | 859. ALEXANDRA DURHAM |
| 815. BARBARA HYACINTH | 860. DOMINIQUE HUMES |
| 816. WALEED BAILEY | 861. JUAN C MARIN ANDRADE |
| 817. LATASHA ANDERSON | 862. SATRINA KELLEY JORDAN |
| 818. DEBRA A STATEN | 863. CHANDRE JACKSON |
| 819. VENITA SCOTT | 864. ALEX PADILLA |
| 820. FELICIA WOODS | 865. YRA SHELDANE MILLER |
| 821. ARTHUR SPRAGG | 866. LEANNA |
| 822. MARYSE ELISMA | 867. MARTHA GONZALEZ |
| 823. AARON STRAND | 868. HELENE MAPP |
| 824. MICHELLE CHATMAN | 869. JUAN L VENTURA |
| 825. MELVIN RODRIGUEZ | 870. TALISHA WEST |
| 826. WAYNE BECK | 871. DEVEA STEWART |
| 827. LEE P SAM | 872. MERCEDES BENTON |
| 828. AVIEA JACKSON | 873. SHARON HOVIS |
| 829. DAWN BOATWRIGHT (BROOKS) | 874. TYLER HALL |
| 830. LATASHA WOODYARD | 875. KYLE WEST |
| 831. JOSE ARIAS | 876. MICHELLE DORAN |
| 832. ALDA MARTINEZ | 877. CANDACE SHENA TURNER |
| 833. ROBERT BERNARD DALES | 878. RUBEN REYES |
| 834. JENNIFER GARCIA | 879. BILLY SIMMONS |
| 835. JILLMARIE SCUTT | 880. LOUISE ROVETTO |
| 836. NICOLE KELLUM | 881. MARGARET CANTLON |
| 837. WALDO K HOWARD | 882. JOCELYN REED |
| 838. SYLVIA SALAZAR | 883. ERROL WALTERS |
| 839. RONNY ANDERSON | 884. ERIN ROBINSON |
| 840. LINDA LAY | 885. TERESSA FERREIRA |
| 841. NAKIA WESLEY | 886. PHO RICKY PHEAV |
| 842. MONICA TAYLOR | 887. AMANDA WILLIS |
| 843. ALIASGHAR SEDIGHI | 888. ALAN WILLIAMS |
| 844. ALAIN DE LA ROSA | 889. JUANITA SOOTO |
| 845. MANUELA DIAZ | 890. MARY ELIOFF |
| 846. TONDALAYA MITCHELL | 891. MARIA ANGELES GODOY |
| 847. JOSEPHINE PELAGGI | SANCHEZ |
| 848. JUN HO HAN | 892. PATRICIA JACKSON |
| 849. FRANCIS DEL CASTILLO | 893. THELMA R BRUESCH |
| 850. DEIZE THEREZINHA NICOLUCCI | 894. ZANDRA |
| DE GOES | 895. ROSITA NUNEZ |
| 851. AMPARO SOUTHARD | 896. LAMONICA |
| 852. RESHA ALDRIDGE | 897. DARYA SLEZKO |
| 853. DEVRA MICHELLE CUTTING | 898. JOHNNY F WAITES JR. |
| 854. RICHARD SALAMON III | 899. RENEE M NOSCHKA |
| 855. BRENDA BOWLES | 900. KELLEY PIPER |
| 856. TONI SMITH | 901. JOHN E BUCKINGHAM |

*Jabbari, et al. v. Wells Fargo & Co., et al.*
No. 15-cv-2159
Exclusions

902.  JOHANNA MUSE
903.  JOHN S. VIEIRA
904.  GREG
905.  MINYETTE CURRENT
906.  JAMEISHA ROPER MALCOM
907.  JENNIFER
908.  VIDA DARKALEH
909.  MARLON BIVINES
910.  JOSEPH L. BRADY
911.  JENNIFER ELISE WINOVICH
912.  NAKESHA HIGH
913.  AURA MARTINEZ
914.  GLORIA MASON
915.  REGINA FLOYD
916.  ANTONIO BUNKLEY
917.  TINIAJA
918.  ANA B PAYAN
919.  RONALD L & C JANE GRAHAM
920.  BLASI
921.  PATRIZIA PORCU
922.  NANCY SANTANA
923.  CLOTILDE NEGRON
924.  HADIL ACOSTA
925.  DERRICK MALONE
926.  EDWOOD DESIGN INC
927.  ZACHARY SOYARS
928.  GUADALUPE REGALADO
929.  KATHLEEN KAYLAN
930.  DAVID R NIXON
931.  DAVID GUGICK
932.  DAVID GUGICK - INTRINSIC
        DESIGN INC.
933.  MICHAEL LAMOUREUX
934.  FRANKLIN J GENCUR
935.  MARIA
936.  PUREV O AMINDAVAA
937.  JOSEPH RIAD
938.  JOSEPH RIAD - RIAD TRUST &
        RIAD HOLDINGS
939.  CORNELIA L PORTE
940.  ARTHUR LOPEZ
941.  FATEMEH NAJAFIAN
942.  MARTHA NELLE BAKER
943.  BRIAN WHITT
944.  YOLANDA CARRILLO
945.  CHRIST TAVIO NEELY

946.  JAZMINE JACKSON
947.  DELORES ZEILER
948.  TAKAHITO YUASA
949.  ABDALLAH ABDULJABER
950.  KRISTEN GLAROS HANSON
951.  JAMES MILLER
952.  ELIZABETH RODRIGUEZ
953.  LUIS FERNANDO GARCIA DIAZ
954.  LATASHIA PARTEE
955.  GEYERGOREY LLP
956.  CATHY ADAMS
957.  SUSAN JOHNSTON
958.  KENNETH GREGORY
959.  LISA S STERN
960.  JONES, ERIKA
961.  MOYER, ROBERT
962.  BRODIE, AARON
963.  AARON HANDS
964.  LAWRENCE LEWIS
965.  HEIDI HWANG+
966.  STEVEN HWANG+
967.  MATTHEW TATE SR.+


+ Untimely – filed after 5/14/18 deadline

11

# Exhibit B

*Jabbari, et al. v. Wells Fargo & Co., et al.*
## No. 15-cv-2159
### Exclusions who also filed Claim Form

| | | | |
|---|---|---|---|
| 1. | MARLA RODGERS | 46. | PAULETTE KNOX |
| 2. | TINA M PIENTA | 47. | YIYIN LIU |
| 3. | VOLODYMYR ANDROSHCHUK | 48. | PAOLY SACCHI |
| 4. | MARCELO KOGAN | 49. | TISHA JOHN |
| 5. | MICHAEL WILKINSON | 50. | RAYMOND VASQUEZ |
| 6. | RICHARD DALE KEEPER JR | 51. | ERICA WILLIAMS |
| 7. | JABARI L LUCHIEN | 52. | LEVENT CAGLAR |
| 8. | HAZEL WARFORD | 53. | STEPHEN SULLIVAN |
| 9. | REZA KAMALI-SARVESTANI | 54. | JEWELERY S GROSS |
| 10. | SABRINA RIVERA | 55. | NORA VONGKEO |
| 11. | LUTHER PERRY | 56. | CINTYA Y CRUZ |
| 12. | EMANUEL DELVALLE | 57. | JENNIFER BARBA |
| 13. | YVONNE E BINGER | 58. | JOHN MELTON |
| 14. | MARIA TERESA CHAVEZ | 59. | MACKENZIE THOMA |
| 15. | LILY BERRY | 60. | CASHE ROYAL |
| 16. | DEIDRE WRIGHT | 61. | CASHE ROYAL |
| 17. | MARSHAY ROBINSON | 62. | SHAWN ALDAY |
| 18. | COURTNEY J MCKOWN | 63. | ATAVIS ANDREWS |
| 19. | VERONICA FLORES | 64. | SANDRA E LOPEZ |
| 20. | ASMAE | 65. | JANNA WHITE |
| 21. | RADAMES RODRIGUEZ | 66. | KYUNG HONG |
| 22. | CLAIRE DONALD | 67. | KENISHA MELTON |
| 23. | GINA TORRES | 68. | SARA LOPEZ |
| 24. | JAIHYUK CHOI | 69. | DREW MICHAEL QUENZER |
| 25. | JESSE JAMES EDWARDS | 70. | DENA MAREAN |
| 26. | TOBYANN CHARLES | 71. | RICHARD FRANCIS |
| 27. | TIFFANY WALKER | 72. | BOBBY COLEMAN |
| 28. | KATHY HONEA | 73. | JANELLE EVANS |
| 29. | GARY HALEY | 74. | VICTOR THOMAS |
| 30. | MIKE TATASCIORE | 75. | KAYNEESHA FANNIN |
| 31. | JODIE JEAN SWENSON | 76. | JOHN L ENSING |
| 32. | KELVIN K BUSTER | 77. | ALEXEY KOLYCHEV |
| 33. | DONICK A RAMA MINOR | 78. | ERNAN DAI |
| 34. | JIMMY DISMUKE | 79. | MARIA CHUKUMBA |
| 35. | ANTHONY LAWRENCE | 80. | JEFFERY SPALDING |
| 36. | HILAL GUDUL | 81. | DEBBIE GARDINER |
| 37. | CLAIRE DENISE DONALD | 82. | YOLANDA JACKSON |
| 38. | KASHAWN BUTLER | 83. | WILBER CARDONA |
| 39. | JOSHUA OGIMA | 84. | KIM ELLIS |
| 40. | JEUTISHA WEBB | 85. | SANTIAGO NATIVI |
| 41. | JULIA WRIGHT-DUNN | 86. | SHERIF GERGES |
| 42. | JACOB D SEELYE | 87. | DEBRA ESCOBEDO |
| 43. | STEVEN HESTER | 88. | NGUYEN, THAT VAN |
| 44. | JAMES A BERRYHILL | 89. | CYNTHIA P. HODSON-GLASS |
| 45. | JONATHAN COOK | 90. | GENARO ANDRADE |

1

*Jabbari, et al. v. Wells Fargo & Co., et al.*
## No. 15-cv-2159
### Exclusions who also filed Claim Form

91.   JON D. DILLINGHAM
92.   HELENA FIGARI HARRIS
93.   ANTHONY WYATT
94.   REMOON MALTY
95.   ALLYSSE GASTON
96.   SHAREDA BOLDEN
97.   NICOLE MORGAN
98.   TIRIQ DURANT
99.   HENRI W SAAVEDRA
100.  DARLA DELLAPENTA
101.  BETTY PANAMENO
102.  ANGELLA
103.  TASHIA WILLIAMS
104.  ANNETTE STRINGER
105.  DARRYL I HANSON
106.  MARILYN MARTINEZ
107.  BETTY PANAMENO – AS
      BUSINESS BETTY PANAMENO
108.  JAQUELL LAMIESE BURTON
109.  MONICA GOMEZ
110.  SANDRA I ZUNIGA
111.  BRENDA TRAN
112.  DANNY HUNTLEY
113.  MODESTA PUEBLA
114.  JOSHUA PHILLIPS
115.  SIERA HAMILTON
116.  SERRANT JOHNSON
117.  JORGE NAVARRETE
118.  VICTOR J REYNOSO
119.  REDENTOR PANUELOS
120.  JAMES ROBERSON
121.  GERARDO QUINTANILLA
122.  ANNETTE HARRIS
123.  JASON NEWKIRK
124.  CHRISTIN WEAVER
125.  ANTHONY O. BORBON
126.  JEREMY BARTON
127.  LUCRECIA MONTANO
128.  RHONDA BOWICK
129.  MICHAEL J PINNOW
130.  PATRICIA D. HAIRSTON
131.  APRIL WILLIAMSON
132.  STEPHEN MILLER
133.  MIKE ZOU
134.  DEENA E. ROSARIO

135.  MAGGIE & ARTHUR NEWSOM
136.  JERMONA WATSON
137.  JEROMA WATSON-CLEMENTS
138.  RALPH MCCOY
139.  TRAVIS J ASHBY
140.  NICOLE HOWELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHRIAR JABBARI, et al., | Case No.  15-cv-02159-VC |
| Plaintiffs, | |
| v. | **ORDER DENYING CHERNAVSKY AND CASTRO'S MOTION FOR ATTORNEYS' FEES** |
| WELLS FARGO & CO., et al., | |
| Defendants. | Re: Dkt. No. 179 |

The motion for attorneys' fees filed by Alex Chernavsky and William Castro is denied.

The Court has reviewed their motion and all papers filed in connection with it and concluded that

their contribution, and the contribution of their counsel, is too small to warrant a fee award.

**IT IS SO ORDERED.**

Dated: May 29, 2018

VINCE CHHABRIA
United States District Judge