# Exhibit B

**Cate Brewer**

| | |
|---|---|
| **From:** | Cameron Christensen <cameron@christensenyounglaw.com> |
| **Sent:** | Wednesday, August 19, 2020 9:56 AM |
| **To:** | Derek Loeser; Steven Christensen |
| **Subject:** | Re: Jabbari v. Wells Fargo |

Derek,

Thank you for reaching out. We respectfully disagree with your contention that the Supreme Court is unlikely to grant cert.

Our position is that the Ninth CIrcuit has committed an error by only addressing one of our arguments. The failure to address the majority of our legal, procedural, and factual arguments is reversible error.

Further, there is a circuit split on predominance inquiry as articulated in the Court's ruling. The Sixth Circuit recently acknowledged this split in *Martin v. Behr Dayton Thermal Prod. LLC,* 896 F.3d 405 (6th Cir. 2018). With the gravity of this case, the various, superior state law claims, and the circuit split, this issue is ripe for the Supreme Court to grant cert.

Nonetheless, our client is anxious to resolve this dispute. He offers to waive his appeal in exchange for a sum of $400,000.00

Please present this to your client and let me know as soon as possible.

On Tue, Aug 18, 2020 at 11:10 AM Derek Loeser <dloeser@kellerrohrback.com> wrote:
> Steve & Cameron - just making sure you received this email with the attached proposed stipulation. We are hoping to update Judge Chhabria later this week. Thank you.
>
> Sent from my iPad
>
>
> > On Aug 17, 2020, at 1:47 PM, Derek Loeser <dloeser@kellerrohrback.com> wrote:
> >
> > Dear Steven and Cameron,
> >
> > As we discussed previously, now that the mandate has issued and the case is back in front of Judge Chhabria, we are eager to move forward with distribution of the settlement proceeds to class members. To do that, the Court needs affirmation that the objectors do not intend to seek cert. Particularly given the current pandemic and related economic circumstances, we are hopeful you are willing to provide this affirmation so class members can start receiving checks. We think we can all agree that it is highly unlikely that the Supreme Court would grant cert. in this case, and that seeking cert. will only further delay much needed payment to class members.
> >
> >
> > If allowing the settlement to move forward now is acceptable to you, we propose filing a short stipulation with Judge Chhabria that would Indicate that (1) the named Plaintiffs and the certified settlement class will not attempt to recover costs, expenses, or

1

attorneys' fees from your clients, pursuant to 28 U.S.C. § 1927, or on any other basis; and (2) your clients will dismiss their objection and not seek certiorari. A draft stipulation is attached to this email for your review and consideration. We also will be proposing a status conference with Judge Chhabria as soon as the Court is available in which all objectors will have the opportunity to indicate their intentions going forward.

As this email should make clear, we are really hoping you agree that at this point and at this time, it is important to allow the settlement to move forward so that class members can receive much needed funds.

Thank you and best regards,

Derek W. Loeser

Keller Rohrback L.L.P.

Main: (206) 623-1900

Direct: (206) 224-7562

Mobile: (206) 419-2198

E-mail: dloeser@kellerrohrback.com

Web site: http://www.krcomplexlit.com

CONFIDENTIALITY NOTE: This Electronic Message contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and protected from disclosure. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this message is strictly prohibited.

<Joint Stip Re Objection Johnston[4].docx>

--
Cameron Christensen
Christensen Young & Associates

866-861-3333 Office
888-569-2786 Fax
801-255-8727 Direct
www.christensenyounglaw.com

IRS Circular 230 Disclosure: You are hereby notified that any tax advice in this communication was not intended or written to be used, and cannot be used, for (i)avoiding penalties under federal tax law or (ii)promoting, marketing, or recommending to another party any transaction or matter addressed herein.
Disclaimer: Sender is not a United States Securities Dealer or Broker or United States Investment Adviser. This email letter and any and all attachments and related documents are never considered to be a solicitation for any purpose. Upon receipt of these documents you, as the Recipient, hereby acknowledge this Warning and Disclaimer. These Confidential communications are protected under Gramm-Leach-Bailey Act 15 USC, Subchapter 1, sections 6801-6809 and other laws relating to disclosure of Non-Public Personal Information.
Confidential: The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. This communication is for information purposes only and should not be regarded as an offer to sell or as a solicitation of an offer to buy any financial product, an official confirmation of any transaction, or as an official statement of the Sender or its Principals. Email transmission cannot be guaranteed to be secure or error-free. The Sender, its affiliates and or assigns does not represent that this information is complete or accurate and it should not be relied upon as such. All information is subject to change without notice. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender by return E-mail and delete this message, along with any attachments, from your computer. Thank you.